The plaintiff, Mrs. Ellen Bordelon Gillis, instituted this suit in the district court against her husband, Norman Everitt Gillis, the defendant, seeking a separation from bed and board. The plaintiff asked for the custody of their minor child, Norman Everitt Gillis, Jr., for alimony pendente lite, for a division of the community property, and for an injunction restraining the plaintiff from interfering with her and from disposing of the community property. The plaintiff was awarded alimony in the sum of $25 a month for her support and that of her minor child pendente lite. The suit is predicated on various alleged acts of cruel treatment on the part of the defendant. The defendant's answer is in the form of a general denial and contains a reconventional demand asking for a separation from bed and board on the ground of cruel treatment and for the custody of *Page 394 
the minor child. Upon these issues the case was tried and the lower court rejected all the demands and dismissed the suit at plaintiff's cost. The plaintiff has appealed.
From the testimony in this suit it appears that strained relations between the plaintiff and defendant have existed for more than a year and quite a number of disputes have arisen between them during that time. The plaintiff and defendant both have steady employment and we gather from the argument and testimony that the defendant is receiving a salary of $120 a month and the plaintiff is receiving a salary of $95 a month. They have a minor child four and one-half years old who is attended by a nurse employed by the plaintiff while she and her husband are at work. The testimony relative to cruel treatment is in a measure conflicting but the preponderance of it is in favor of the plaintiff, and especially is this true with reference to one particular occasion. With regard to the cruel treatment on this particular occasion the preponderance of the testimony is to the effect that the defendant pushed or shoved the plaintiff and attempted to choke her. The plaintiff testifies that on the occasion her husband and she became engaged in an argument at which time she told her husband that she could not stand it any longer. She left the room and lay down on a studio couch in another room. She testified that her husband came into the room, pushed her around, and tried to strangle her by placing his hand over her mouth, whereupon she pushed him away and screamed. *Page 395 
The plaintiff's testimony is corroborated by that of a neighbor, Mrs. Frank Puderer, who lives across an alley from the plaintiff. Mrs. Puderer testified that she heard the scream and the next morning while at the plaintiff's house the plaintiff told her in the presence of the defendant that the defendant, her husband, wanted to kill her last night. She testified that the defendant did not contradict this statement. Mrs. Puderer's testimony is to the effect that the plaintiff's face and lips looked as if they had been hit. The defendant in his testimony admits that he was present when his wife told Mrs. Puderer that he had attempted to kill her and that he did not contradict it. He testified that he did not make any statement to Mrs. Puderer. The defendant's testimony is to the effect that on this particular occasion that he had endeavored to kiss his wife in order to make up with her by taking her in his arms and that the plaintiff bit him, at which time he shoved her on the chin to loosen her teeth and she screamed. There is no testimony in the record supporting the plaintiff's version of what happened on this particular occasion.
The record contains considerable testimony to the effect that the plaintiff and the defendant have had a number of disputes within the last year. From the testimony of the plaintiff, her mother, her brother, a lady friend, and Mrs. Puderer, it appears that the defendant is at fault in the disputes, while on the other hand from the testimony of the defendant and his mother the plaintiff is at fault. Considering the testimony as a whole, and *Page 396 
especially since the plaintiff is corroborated by Mrs. Puderer, a disinterested party who is not related to either of the parties to this suit, we are compelled to arrive at the conclusion that the plaintiff's demand should be granted.
The trial judge awarded the plaintiff $25 a month alimony for her support and that of her child during the pendency of the suit. In the absence of any showing that the amount is excessive or inadequate we see no reason to disturb it. However, in view of the evidence in this case, the amount so awarded should go to the support of the child alone.
For the reasons assigned the judgment is annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Ellen Bordelon Gillis, and against the defendant, Norman Everitt Gillis, decreeing a separation a mensa et thoro, and dissolving the community of acquêts and gains existing between them. It is further ordered that the plaintiff pay to the defendant $25 a month for the support of the minor, Norman Everitt Gillis, Jr. It is further ordered that the injunction herein sued out be perpetuated restraining and prohibiting the defendant from in any manner disposing of the community of acquêts and gains existing between the plaintiff and defendant. It is further ordered that the case be remanded to the district court for the purpose of effecting a partition of the assets of the community of acquêts and gains existing between the plaintiff and defendant; all costs to be paid by defendant. *Page 397 
 Supplemental Opinion.