QUINN v. QUINN.

No. 14996.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 10, 1948.

Rehearing Denied Jan. 14, 1949.

Kenneth Johnson and Guy Rogers, both of Wichita Falls, for appellant.

Martin & Martin, Howard L. Martin, and Bernard Martin, all of Wichita Falls, for appellee.

HALL, Justice.

Appellee, Annette Barnhart Quinn, sued appellant, J. M. Quinn, in a district court

of Wichita County, Texas and in her first amended original petition, filed on July 28, 1948, alleged in substance and in part as follows:

That she and appellant were bona fide resident citizens of Shreveport, Caddo Parish, State of Louisiana; that she and appellant were equally one-half joint owners in fee simple of Lot No. 2 of the A. C. Estes Re-subdivision of the north one-half of Block No. 3 of the Curlee Addition to the City of Wichita Falls, Wichita County, Texas, together with the improvements thereon; that the value of said property is the sum of $9,000.00, which is subject to an indebtedness in the sum of $3237.00, secured by deed of trust.

That she and appellant were married in 1928; that there were two children born to them, namely, Harold K. Quinn, a boy, about eighteen years of age, and Gay Ann Quinn, a girl, about ten years of age; that she and appellant lived in Wichita County, Texas in 1928; that in 1942 they moved to Shreveport, Louisiana, where they have since resided; that on or about the 20th day of October, 1947 she filed suit for divorce against appellant and later secured a divorce a mensa et thoro, but in the judgment from the court of the State of Louisiana rendered on the 14th day of May, 1948, she was awarded the care, custody and control of said minor children, plus alimony for herself, support of the children and attorney's fees as follows:

"(c) That there be judgment ordering the defendant to pay to plaintiff alimony for the care and support of the minor children, Gay Ann Quinn and Harold Keliehor Quinn, in the sum of One Hundred and Fifty ($150.00) Dollars per month, beginning from judicial demand, or October 20, 1947, and payable $150.00 on the 20th day of each subsequent month thereafter until May 14, 1948. That beginning May 15, 1948, there be judgment for alimony in the sum of Two Hundred Fifty ($250.00) Dollars per month, being $100.00 for the care and support of plaintiff and $75.00 each for the care and support of the minor children, Gay Ann Quinn and Harold Keliehor Quinn, payable $250.00 on May 15, 1948,

and $250.00 on the 15th day of each subsequent month thereafter.

"(d) That she be awarded attorney fees in the sum of $750.00 and that defendant pay all costs of this suit."

Said judgment, among other things, further provides as follows: ". . . and that this Court has dismissed the demands of plaintiff (appellee herein) relative to the property located in Wichita Falls, Texas, for lack of jurisdiction."

Appellee further alleged and testified that appellant had failed and refused to pay said alimony, child's support and attorney's fees awarded to her in said Louisiana judgment, in an aggregate sum of $2550.00, for which amount she sued appellant in the instant case; further alleging that the property in said County be partitioned; if found not to be susceptible to partition that the same should be sold and the proceeds divided between the parties but that the court should impress a lien upon the equity of appellant's proceeds to pay her said sum of $2550.00 due her by and through the Louisiana judgment.

In compliance with Rule 184a, Texas Rules of Civil Procedure, appellee filed pleadings for the purpose of our state court taking judicial notice of the statutes and of the laws of Louisiana governing the divorce suit and judgment granted there in order that said judgment may receive effect under the full faith and credit clause of the Constitution of the United States, Article 4, section 1.

Appellant filed his plea in abatement as follows: "The defendant would show that he is married to and is the husband of Annette Barnhart Quinn, having been married to her since on or about September 16, 1928 and such married relationship having never been dissolved.

"Therefore, plaintiff is without capacity to prosecute this suit as instituted."

By way of answer defendant filed his general denial and expressly plead that he had no income whatever during the period of time covered by the Louisiana decree and that under the laws of said state he cannot be required to pay in excess of one-

third of his income. He prayed that the cloud be removed from his title which appellee had placed thereon by filing certain lis pendens notices and that plaintiff take nothing by her suit, etc.

Trial was to the court who rendered judgment for appellee herein, ordering, among other things, the property sold, appointing a receiver to sell the same; that the community estate existing between the parties was dissolved by the divorce a mensa et thoro rendered in the State of Louisiana; that said Louisiana judgment is entitled to full faith and credit in this state; that the property involved was community and that each party owned an undivided one-half interest therein; that appellee have judgment against appellant for a total sum of $2550.00, which is due her under the Louisiana judgment for alimony, child support and attorney's fees; that appellant owns no other property in this State and that he is of an intemperate, wasteful and improvident disposition; that appellant has threatened to sell said realty and if he did the proceeds therefrom would be squandered by him, therefore appellee is entitled to an equitable lien in the sum of $2550.00 against appellant's equity in said proceeds of sale.

To which judgment of said court appellant excepted and perfects this appeal based upon two points as follows:

"First Point. Since the Law of Texas is plain that property partitioned must be divided between the parties at interest as their interests appear, it is clear that without undertaking to establish, and in fact establishing, a lien on the property in plaintiff's favor, the Court could do nothing other than equally to divide the proceeds of sale between the parties, and it was error not so to decree.

"Second Point. The Law of Texas governs the partition of lands in the State. A judgment for alimony is enforceable only by contempt proceedings. It is not a debt upon which suit may be instituted and enforced. Hence, it was error for the Court to overrule the plea in abatement and to proceed with the partition of said lands."

■ We shall discuss point two first. As is readily seen, it has four points of law. To the first, "the law of Texas governs the partition of lands in the state," we answer yes; to the second, "a judgment for alimony is enforceable only by contempt proceedings," we answer that in Louisiana this is not true; to the third, "it is not a debt upon which suit may be instituted and enforced," we answer that in Louisiana this is not true; and to the fourth, "hence, it was error for the court to overrule the plea in abatement and to proceed with the partition of said lands," we answer that it was not error, for the reason that even though the marital relationship between appellant and appellee may still exist under the Louisiana judgment, yet said judgment disposed of the property rights between the parties to the extent that they become joint tenants or tenants in common with a resulting right for either of them to maintain a partition suit one against the other. Butler v. Bolinger, 16 La.App. 397, 133 So. 778; Gillis v. Gillis, 197 La. 392, 1 So.2d 556; Washington v. Palmer et al., La.App., 28 So.2d 509.

■ The law of Louisiana places the parties, in so far as their property is concerned, as tenants in common, and a reconciliation of the parties does not re-establish their property rights as existed before the divorce a mensa et thoro had been granted. De Blanc v. De Blanc, La.App., 18 So.2d 619. Such rule, in effect, when a divorce a mensa et thoro is granted, makes a final decree as to the property between the parties as though the same was a final divorce decree and property settlement in Texas.

In 15 Tex.Jur. 646, sec. 150, it is noted that "a foreign decree for alimony may be sued on and given effect in Texas under the full faith and credit clause of the federal constitution," citing Caples v. Buell, Tex.Civ.App., 234 S.W. 429, modified on other points, Tex.Com.App., 243 S.W. 1066. Criteser v. Gaffey, Tex.Com.App., 222 S.W. 193, affirming Tex.Civ.App., 195 S.W. 1166.

■ Such foreign decree for alimony may be given effect under the full faith and credit clause only if the decree under the law of the state in which it was rendered

had become absolute and vested. See Criteser v. Gaffey, supra; and the burden falls on the plaintiff to establish by pleading and proof that under the law of the foreign state such judgment so rendered therein is a final judgment.

■ A sister state in construing whether or not a foreign judgment has become final shall consider the decisions of the highest court of the state wherein the judgment was rendered and such decisions of such highest court is binding upon the court of the state which is undertaking to construe the finality of said judgment. See Criteser v. Gaffey, supra.

■ In the case of Snow v. Snow, 188 La. 660, 177 So. 793, by the Supreme Court of Louisiana, the question is definitely settled that the judgment before us with past due installments of alimony is a final judgment. This case has been followed by the Court of Civil Appeals of Louisiana in the case of Erdal v. Erdal, La.App., 26 So.2d 377, and again by the Supreme Court in Williams v. Williams, 211 La. 939, 31 So.2d 170.

We therefore overrule appellant's point two.

Appellant argues in support of point one that since Rule 770, Texas Rules of Civil Procedure, provides that if the property is found to be insusceptible to partition the court shall order same sold and the proceeds partitioned among persons entitled thereto; that all the court could do in this case was to follow said rule explicitly.

We find that appellee not only sued for a partition of the property under our partition statutes and/or rules but she also requested that her judgment in Louisiana against appellant be established; that the court take judicial notice of the laws of Louisiana pertaining to finality of said judgment; that same should be given full faith and credit in this state, and that the court retain so much of the proceeds of the sale belonging to appellant to pay such judgment. This the court did.

As said above, appellee was awarded a money judgment against appellant for $2550, as the amount due her under the Louisiana decree. The judgment further ordered that the net proceeds from the sale of the property be paid into the registry of the court, and that appellant's one-half of such net proceeds be applied to the payment of appellee's judgment for $2550.00.

As the holder of a judgment for $2550.00 against appellant, it is to be assumed that there would have been available to appellee adequate process to subject to its payment appellant's share of the proceeds of such sale.

■ Trial of a partition suit, even though under the statute, does not proceed independently of the rules of equity. Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245, writ refused, no reversible error.

■ Rule 51, T.R.C.P., was ample authority for joining the two causes of action. A court of equity will go far to prevent a multiplicity of suits or actions, or to avoid circuitous remedies. 17 Tex.Jur. 15 et seq. Both causes of action were the product of the dissolution of the marital rights, in so far as their property rights were concerned, of appellant and appellee. There was such connection between the subject matter of the two causes of action as warranted trial of them in one cause of action, and we see no abuse of discretion on the part of the trial court in the manner of winding up this much of the affairs of the parties. It may be doubted if appellant has suffered any legal harm in thus being compelled to pay said judgment. Rule 434.

The judgment of the trial court is affirmed.