FLORENCE KRUMM ROBISON, PLAINTIFF-RESPONDENT, v. EDWARD GEORGE ROBISON, DEFENDANT-APPELLANT.

Argued March 17, 1952—Decided April 28, 1952

*Mr. Theodore D. Parsons* argued the cause for the appellant (*Messrs. Parsons, Labrecque, Canzona & Combs*, attorneys).

*Mr. Benjamin M. Ratner* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J. The essential questions presented by this appeal are whether the provisions for alimony contained in a Florida decree of divorce are within the full faith and credit clause of the Federal Constitution and whether the

courts of this State have jurisdiction to change such alimony provisions, Florida having had jurisdiction of the parties and issues in the proceeding there.

The appeal is from an order of the Chancery Division of the Superior Court denying defendant's motion to dismiss the action. The appeal, taken to the Appellate Division of the Superior Court, has been certified here on our own motion.

The complaint alleges the parties were married in September, 1939, and that on March 11, 1945, the plaintiff separated from the defendant because of his extreme cruelty toward her. On June 12 of that year she instituted suit for divorce in Dade County, Florida. The defendant appeared and by answer admitted the jurisdictional facts alleged in the complaint but denied the extreme cruelty charges. A final decree of divorce was granted on July 9, 1945, after final hearing, both parties being present and represented by counsel. The decree provided that the bonds of matrimony be dissolved and directed the defendant to pay the plaintiff as alimony for her support and maintenance the sum of $28,600, of which $4,000 was to be paid three days after the decree and the balance at the rate of $200 a month, and that the obligation to make all payments should not be affected by the remarriage of the plaintiff; further, that the obligation of the defendant would be a charge against his estate in the event of his death.

The complaint asserts that the alimony and support provisions of the Florida decree were entered in accordance with an agreement entered into between the parties by way of settlement and that she, the plaintiff, is not bound thereby because she was coerced and compelled to execute it. The plaintiff admits that the agreement was merged into the divorce decree itself but says that as to future alimony it is subject to modification by court order in the courts of Florida pursuant to its laws, and that it therefore is not a final judgment so as to be entitled to full faith and credit under the Federal Constitution, *Art. IV, sec. 1.* She further alleges she is now without sufficient and adequate funds to

maintain herself in accordance with the station of life to which she was accustomed prior to the divorce, and that the defendant has adequate funds to so provide her. She does not allege defendant's financial status has changed since the entry of the Florida decree and admits the financial provisions of that decree have been thus far complied with.

The defendant moved to dismiss the instant complaint on the grounds that the court lacked jurisdiction to entertain the action because the Florida decree was protected by the full faith and credit clause of the Federal Constitution; that the plaintiff claimed jurisdiction in this State by virtue of *R. S.* 2:50-37 and relied on the validity of the Florida decree so far as it granted the divorce, but challenged that portion of it awarding alimony; and that when a decree of alimony is *res adjudicata* in another jurisdiction the courts of this State have no jurisdiction to alter or change its terms.

Before us the defendant first contends that the Florida decree must be granted full faith and credit in its entirety in this State. We agree that this is sound insofar as it applies to that part of the decree severing the bonds of matrimony. The defendant appeared in the action and it is not alleged that any fraud was perpetrated upon the Florida court with respect to the jurisdictional requirements. *Shearer v. Shearer,* 334 *U. S.* 343, 68 *S. Ct.* 1087, 92 *L. Ed.* 1429; *Coe v. Coe,* 334 *U. S.* 378, 68 *S. Ct.* 1094, 92 *L. Ed.* 1451. As to the alimony provisions of the decree the solution of that question, as to whether or not it is entitled to full faith and credit, depends upon whether or not it has the requisite finality to so entitle it. *Sistare v. Sistare,* 218 *U. S.* 1, 30 *S. Ct.* 682, 54 *L. Ed.* 905; *Barber v. Barber,* 323 *U. S.* 77, 65 *S. Ct.* 137, 89 *L. Ed.* 82 (1944); *Sutton v. Leib,* 342 *U. S.* 402, 72 *S. Ct.* 398, 96 *L. Ed.* ——; *Conwell v. Conwell,* 3 *N. J.* 266 (1949); *Frank v. Frank,* 7 *N. J.* 225 (1951).

We are dealing here, not with past due payments under a decree of the State of Florida providing for alimony. It is clear and we so determined in *Conwell v. Conwell, supra,* that the law of Florida is that past due installments of

permanent alimony following a decree are vested property rights which can neither be modified nor annulled but that under the common law and the Florida statute, *F. S. A., sec.* 65.15, the decree may be modified, changed or vacated as to future alimony, and as to this phase it has no finality. *Duss v. Duss,* 92 *Fla.* 1081, 111 *So.* 382 (*Sup. Ct.* 1926); *Van Loon v. Van Loon,* 132 *Fla.* 535, 182 *So.* 205 (*Sup. Ct.* 1938). The defendant argues that in a case such as the one at bar, where a lump sum settlement has been decreed and payment made thereunder, the party seeking the modification must prove there was a fraud in procuring the original decree. We do not so read the Florida cases. The Supreme Court of that state in *Cohn v. Mann,* 38 *So.* 2d 465 (1949), a case in which the petitioner, without charging fraud, sought a modification of a divorce decree which confirmed a property settlement whereunder the petitioner agreed to pay his divorced wife certain weekly sums and in which the Chancellor had dismissed the petition, found the Chancellor had erred in dismissing the petition, reversed and reinstated it.

▋ *R. S.* 2:50–37, as amended in 1938 by *L.* 1938, *c.* 235, specifically confers upon the courts of this State jurisdiction to make orders pertaining to alimony after a decree of divorce, whether obtained in this State or elsewhere. *Conwell v. Conwell, supra; O'Loughlin v. O'Loughlin,* 6 *N. J.* 170 (1951). In the *Conwell* case we said "This enlargement of jurisdiction (the 1938 amendment to *R. S.* 2:50–37) is in furtherance of the modern tendency to regard a cause of action for alimony or maintenance as complete in itself and independent of the cause of action for divorce, and as being essentially personal and transitory in its nature," citing *Levy v. Levy,* 17 *N. J. Misc.* 324, 326 (*Ch.* 1939), and "It is a proper deduction to conclude that motivating reasons for the enactment of the amendment of 1938, *R. S.* 2:50–37, were * * * to clear up any doubt with respect to the ability of our courts to grant relief by way of support after a foreign decree with respect thereto has been entered."

The defendant further argues that the Florida judgment is *res adjudicata* of the issues in the instant case, the plaintiff having accepted the moneys ordered to be paid thereunder, and that the instant suit is a collateral attack upon that judgment. The argument is based upon the full faith and credit clause of the Federal Constitution with which we have heretofore dealt, and upon the principle of comity between states. "The rule of comity is grounded in the policy of avoiding conflicts of jurisdiction, unless upon strong grounds, and the general principle that the court which first acquires jurisdiction of the issue has precedence," *O'Loughlin v. O'Loughlin, supra,* but it is clear that subsequent to the entry of the Florida decree the courts of this State had equal jurisdiction with those of Florida to review the award of alimony and to determine whether or not under the present circumstances it is reasonable and just. This does not constitute an invasion of the territory of the foreign sovereign.

The order denying the motion to dismiss the complaint is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and BURLING—5.

*For reversal*—None.