277 So.2d 557 (1973)
Jimmy Gail HYNES, Appellant,
v.
James L. HYNES, Jr., Appellee.
No. 72-1437.
District Court of Appeal of Florida, Third District.
May 15, 1973.
Milton M. Ferrell, Miami, for appellant.
Adams, George & Wood, Miami, for appellee.
Before PEARSON, CHARLES A. CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Appellant-wife takes this interlocutory appeal to review an order modifying a final judgment of divorce.
On March 15, 1971, the parties were divorced and appellee-husband was ordered to pay (1) the mortgage payments on the marital residence, (2) $25 per week alimony, and (3) $25 per week child support for each of three minor children, a total of approximately $133 each week. Appellant filed a contempt notice and a hearing thereon was held on May 23, 1972. Appellee-husband appeared without counsel. *558 The court found the appellee-husband to be $4,100 in arrears as of May 19, 1972, but reserved entering its order thereupon. Thereafter, on June 1, 1972, appellee, having employed counsel, filed a Petition for Modification of Final Judgment of Divorce. A hearing was held on this petition on June 8, 1972. Immediately thereafter, the court signed its order on the notice of contempt previously heard on Mary 23, 1972. This order of June 8, 1972 found appellee-husband to be delinquent in his payments in the sum of $4,100. Nevertheless, the court advised it intended to rehear the matter. Thereafter, appellee filed a petition for rehearing or in the alternative for modification of final judgment of divorce and court order of June 8, 1972. On October 12, 1972 a hearing was held on appellee's petition. The record, however, does not reflect any testimony contesting the accuracy of the court's order of June 8, 1972 in finding the appellee to be delinquent in his payments as of May 19, 1972 in the sum of $4,100. Subsequently, on November 6, 1972 the court entered an order setting aside its order of June 8, 1972 and modifying the final judgment of divorce which reads in part as follows:
"4. The Court finds and adjudges that the Defendant, JAMES E. HYNES, JR., is presently in arrears for Alimony and child support in the sum of $2,100.00 and he is hereby ordered to pay said amount to the Plaintiff, JIMMY GAIL HYNES by way of consecutive monthly installments of $35.00, commencing the date of this order. Said payments are construed to be and shall constitute rehabilitative alimony as well as payment and satisfaction of arrearages.
"5. Further, the said Defendant is hereby ordered to pay to the Plaintiff, the sum of $215.00 per month for the maintenance and support of the three (3) minor children of the parties until death, majority of the said children or self-supporting, whichever occurs first. On any such occurrence the support for such children or children shall cease and the required payments will be reduced proportionately."
On appeal, appellant-wife alleges it was an abuse of the lower court's discretion (1) to reduce the arrearage from $4,100 to $2,100, (2) to relieve the appellee from paying $25 weekly alimony, and (3) to decrease the child support from $75 per week to $215 monthly for the three (3) minor children.
We affirm that part of the order which relieves the appellee from paying $25 per week alimony to the appellant and reduces the amount of child support for the three minor children, effective November 6, 1972, the date the order was entered. See F.S. §§ 61.13(1) and 61.14 F.S.A.
However, as to the subject of arrearages, we must reverse the lower court in attempting to cut down or reduce the sums already due and owing as provided in the court's order of June 8, 1972. Basically a litigant cannot receive the benefit of a reduction that goes back prior to the filing of a petition for modification of a final judgment of divorce. Further, the court does not have the authority to modify a decree for child support in such a manner as to affect or cancel the past due installments. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Petrucci v. Petrucci, Fla.App. 1971, 252 So.2d 867 and cases cited therein. We hold it was error for the lower court not to have determined the amount of delinquent payments as of November 6, 1972, found appellee to be in arrears as to that sum, and ordered him to pay the arrearages to appellant, Jimmy Gail Hynes, in consecutive monthly installments.
Affirmed in part, reversed in part and remanded for further proceedings in accordance with the views expressed herein.