**Albert A. WORREL, Appellant,**

v.

**Clara O. WORREL, Appellee.**

**No. 947.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Terry L. Scarborough, Gibbins & Spivey, Austin, for appellant.

Menton J. Murray, Jr., McCullough, Murray & McCullough, Harlingen, for appellee.

## OPINION

YOUNG, Justice.

A former wife was granted judgment by the trial court against her former husband for $18,000.00 representing accrued and unpaid alimony installments provided by a Virginia divorce decree. The former husband appeals.

The facts, presented to the trial court without a jury, are undisputed. Albert A. Worrel and Clara O. Worrel were married in 1941 in Arizona and were divorced in 1967 in Virginia. In 1965, before the divorce, the parties executed a separation agreement called "Stipulation of Agreement In Accordance With Title 20 of the 1950 Code of Virginia As Amended". This agreement required the husband to pay his wife $360.00 per month for her support until he retired from the military service. Upon his retirement he would then be required to pay to her one-half of his retirement pay, together with one-half of his net salary from any gainful employment.

The 1967 Virginia divorce decree ordered that the stipulation between the parties made in accordance with Title 20 of the 1950 Code of Virginia and dated June 10, 1965, be ratified, confirmed and made a part of the decree.

Subsequently, Colonel Worrel retired from the military service in Texas in 1968. Thereafter he became gainfully employed in Harlingen. He had begun making payments to Mrs. Worrel under their agreement before the divorce and continued to do so afterwards until he ceased paying in November 1971. On May 2, 1972, Mrs. Worrel filed suit in Cameron County, Texas, against Colonel Worrel for the arrearage.

Both parties filed motions for summary judgment. The trial court granted plaintiff's motion and rendered judgment against the defendant for an amount of damages to be determined later by the trial court or jury. Defendant appealed from that judgment. We dismissed the appeal because we determined the trial court's judgment to be interlocutory. Subsequently, in the trial court, the parties agreed that plaintiff's damages were $18,000.00, but defendant disagreed with the trial court's earlier ruling that defendant was liable. Judgment was thereupon entered September 30, 1974, for plaintiff for $18,000.00 against defendant. From that judgment the defendant appeals.

Appellant does not contend that there are genuine issues of fact. Rather he contends, in one point of error, that the law when applied to the undisputed facts requires a judgment for appellant because the appellee failed to convert the past due installments into a Virginia judgment for a sum certain and thus, as a matter of law, the Virginia divorce decree is not entitled to full faith and credit in Texas. For authority, appellant cites *Rumpf v. Rumpf*, 150 Tex. 475, 242 S.W.2d 416 (Tex.Sup.1951).

■ Appellant would prevail if the fact situation in the case at bar were such that a judgment in Virginia for the arrearage became a necessary predicate for relief in Texas. There is, however, another category of foreign alimony awards to which Texas courts must afford full faith and credit. That other category applies when the wife's right to alimony payments has become absolute and vested under the original alimony decree and the accrued amount is not subject to modification. *Quinn v. Quinn*, 216 S.W.2d 1001 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n. r. e.); *Stout v. Stout*, 214 S.W.2d 891 (Tex.Civ.App.—Texarkana writ ref'd n. r. e.). See Dye, Enforcement of Foreign Alimony Decrees in Texas: A Survey and Analysis, 38 Texas L.Rev. (1959).

In that regard, the appellee filed in the trial court a proper motion under Rule 184a, T.R.C.P. for the court to take judicial notice of Virginia law. For the court's guidance, the appellee submitted Va.Code Ann. 1950 § 20–109 as amended set out in part as follows:

"Upon petition of either party the court may increase, decrease, or cause to cease,

any alimony that thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper; *provided, however, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed with the pleadings or depositions, then no decree or order directing the payment of alimony, suit money, or counsel fee shall be entered except in accordance with that stipulation or contract unless such party raise objection thereto prior to the entry of the decree.*" (Emphasis supplied)

Further, the appellant directs the trial court's attention to *Dienhart v. Dienhart*, 210 Va. 101, 168 S.E.2d 279 (1969). There Virginia's court of last resort had occasion to interpret Code § 20–109. In that case a husband and wife had entered into a contractual agreement similar to the one entered into by the Worrels, calling for alimony for the wife. In a subsequent divorce suit by the wife a copy of the settlement agreement was filed and the husband did not object to the decree ratifying and confirming the agreement. And in our case the record reflects no objections by the husband to the decree ratifying and confirming the Worrels' agreement. Subsequently, the husband in *Dienhart* requested from the trial court relief from the alimony originally ordered by that court under the terms of the original agreement. The trial court granted the relief requested and the wife took her appeal. The court there held at page 281:

"The proviso in Code § 20–109 which inhibits the usual power of the court to modify an award of alimony, controls this case. The settlement contract between Mr. and Mrs. Dienhart was signed by him and filed with her depositions, and he made no objection to the entry of the September 28, 1966 decree or the October 13, 1966 decree. The December 5, 1967 decree, which eliminated alimony, was an 'order directing the payment of alimony' within the meaning of the proviso in Code § 20–109. And the elimination of alimony under the December 5, 1967 decree did not accord with the settlement contract that provided for alimony of $125 per month. The December 5, 1967 decree was therefore in conflict with the Code § 20–109."

And that court reversed the trial's judgment modifying the alimony provision in the divorce decree.

The aforegoing clearly indicates the Virginia law to be that alimony provisions are final and absolute where a divorce decree incorporates, without objection, the provisions of a previously existing contractual agreement between the husband and wife. Because the facts in our case are so strikingly similar to those in *Dienhart*, the provisions of the Worrels' agreement and decree are therefore final and not subject to modification by the Virginia court upon the request of the appellant. Consequently, the trial court in our case was entitled to afford the Virginia decree full faith and credit and to grant the appellee her request for accrued and unpaid alimony under the Virginia decree.

The judgment of the trial court is, therefore, affirmed.