Eugene WILDER, Appellant,

v.

Louise F. WILDER, Appellee.

No. 6547.

Court of Civil Appeals of Texas,
El Paso.

Nov. 3, 1976.

Guevara & Rebe, P.C., Sal Rebe, Warren M. Pulner, El Paso, for appellant.

Long & Koehler, Ward L. Koehler, El Paso, for appellee.

OPINION

OSBORN, Justice.

This case presents the sole question of whether or not a 1963 Florida divorce decree awarding the wife alimony is a final decree so as to be entitled to full faith and credit in a suit brought in Texas to obtain a money judgment for past due and unpaid alimony payments as provided for in the Florida decree. The trial Court gave full faith and credit to the Florida decree and entered a judgment for the amount of the alimony which had not been paid. We affirm.

In 1963, the Appellee obtained a final divorce from the Appellant in the Circuit Court in Broward County, Florida. That decree ordered the Appellant to pay to the Appellee $250.00 per month as periodic alimony. The Appellee filed this suit asserting that the Appellant has not made any payment as required by the Florida divorce decree since July, 1972. The written deposition of the Appellee was filed, and the Appellant, in answer to interrogatories, admitted that no monthly payments had been made since July, 1972. He answered that, insofar as he knew, the divorce decree has never been reversed, vacated, modified or annulled. The Appellee filed a motion asking the trial Court to take judicial notice of the law of the State of Florida to the effect that amounts of alimony in arrears are vested obligations amounting to property rights which cannot be modified, altered or cancelled by the Courts. The trial Court granted the Appellee's motion for summary judgment, which was based upon the pleadings and evidence as outlined above.

The Appellant attacks the granting of that judgment in one point of error, contending that the foreign judgment is not entitled to full faith and credit because the alimony payments as provided for in the divorce decree are not vested and absolute, but are subject to cancellation or modification by the Florida Court. Appellant contends that until the amount of the past due alimony has been reduced to a judgment in a Florida Court, the Texas Courts may not enter a judgment for any amount claimed to be due.

In *Gard v. Gard*, 150 Tex. 347, 241 S.W.2d 618 (1951), the Court quoted from the decision in *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1909), and said:

"In the *Sistare* case, supra, it is said that 'generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and

vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since * * * "alimony decreed to a wife in a divorce [proceeding] is as much a debt of record, until the decree has been recalled, as any other judgment for money is." ' "

Perhaps the most recent decision by a Texas Court on the issue of giving full faith and credit to a judgment of a sister state for alimony is the opinion by Justice Young in *Worrel v. Worrel*, 526 S.W.2d 736 (Tex. Civ.App.—Corpus Christi 1975, no writ). After noting that the appellant in that case contended that the appellee was required to convert the past due installments into a Virginia judgment for a sum certain before the foreign judgment would be entitled to full faith and credit, the Court said:

"Appellant would prevail if the fact situation in the case at bar were such that a judgment in Virginia for the arrearage became a necessary predicate for relief in Texas. There is, however, another category of foreign alimony awards to which Texas courts must afford full faith and credit. That other category applies when the wife's right to alimony payments has become absolute and vested under the original alimony decree and the accrued amount is not subject to modification. *Quinn v. Quinn*, 216 S.W.2d 1001 (Tex.Civ.App.—Fort Worth 1948, writ ref'd n.r.e.); *Stout v. Stout*, 214 S.W.2d 891 (Tex.Civ.App.—Texarkana writ ref'd n.r.e.). See Dye, Enforcement of Foreign Alimony Decrees in Texas: A Survey and Analysis, 38 Texas L.Rev. (1959)."

Although we have found no Texas case passing upon the finality of a Florida divorce decree awarding alimony, the decisions both from Florida and other jurisdictions are unanimous in holding that past due alimony payments are vested and not subject to cancellation or modification.

The leading case which holds that past due and unpaid installment payments of alimony under a valid judicial decree are vested property rights is *Van Loon v. Van Loon*, 132 Fla. 535, 182 So. 205 (1938). A similar result was reached in *Gottesman v. Gottesman*, 202 So.2d 775 (Fla.App.3d Dis. 1967), where the Court said:

" * * * Defaulted installments of alimony ordered to be paid in a divorce decree constitute vested rights in the wife not subject to subsequent modification. * * * "

The same result was reached in *Hynes v. Hynes*, 277 So.2d 557 (Fla.App.3d Dis.1973), where the Court reversed a trial Court order which attempted to cut down or reduce the sums already due and owing, both for alimony and child support.

Courts of other states which have passed upon the issue of the finality of a Florida alimony decree have reached the same results which we reach in this case. See *Roberts v. Roberts*, 174 Ga. 645, 163 S.E. 735 (1932); *Lockman v. Lockman*, 220 N.C. 95, 16 S.E.2d 670 (1941); *Robison v. Robison*, 9 N.J. 288, 88 A.2d 202 (1952); and *Moore v. Mackay*, 132 N.Y.S.2d 813 (Sup. Ct., Queens County, Part II, 1954). The most recent pronouncement comes from *Webb v. Webb*, 305 So.2d 567 (La.App., 4th Cir., 1974), where the Court said:

"In Florida, however, accumulated alimony arrearages are not subject to modification. F.S.A. Sec. 61.14; 6 A.L.R.2d 1277, 1285. In *Hynes v. Hynes*, 277 So.2d 557 (Fla.App.3d Dis.1973) the court reversed a trial court judgment which has remitted part of alimony arrearages. In *Gottesman v. Gottesman*, 202 So.2d 775 (Fla.App.3d Dis.1967) the court refused to reduce demanded arrearages of over $43,-000.00, observing that '[d]efaulted installments of alimony ordered to be paid in a divorce decree constitute vested rights in the wife not subject to subsequent modification.'

"Since the Florida judgment ordered periodic payment of alimony, and since accrued alimony installments cannot be modified in Florida, we hold a Florida wife may obtain a money judgment for the arrearages in a Louisiana court which has personal jurisdiction over the husband. The interests of neither party

would be served by requiring the wife to reduce her claim for accrued installments to a money judgment in the Florida court which cannot modify defaulted installments or by requiring the husband to go to Florida to present any defenses such as payment, which can be urged in the local forum in which he was cited."

Having concluded that the payments due under the Florida divorce decree are vested rights not subject to modification or cancellation, we hold that the Florida decree was entitled to full faith and credit and the judgment of the trial Court is affirmed.