DOWNEY, Judge.
The parties to this appeal were divorced in 1976 by a final judgment that awarded the wife permanent periodic alimony in the amount of $1,000 per month. Following an appeal which resulted in a modification of that judgment, the parties entered into a stipulation further modifying the judgment, wherein they agreed the husband was to pay as permanent periodic alimony the lesser of $1,000 per month or fifty percent of the husband’s net income as defined therein. The husband paid thereunder approximately $3,300 in 1977, $2,200 in 1978, $800 in 1979, and virtually nothing since. In 1983 the wife filed a motion to hold the husband in contempt for failure to pay any significant sum of alimony and charged that he was over $52,000 in arrears.
The matter was referred to a Master who heard the testimony of the parties and found that the wife had failed to prove the husband had net income he had not shared with her. The court overruled the wife’s exceptions to the Master’s report and confirmed the report; this appeal ensued.
The evidence adduced before the Master shows that the appellee/husband has remarried and lives on the west coast of Florida. His lifelong work has been in the marine industry, specifically in the area of sales, construction, and outfitting of boats. Since 1979 the husband has ceased income-producing employment. Instead, he spends most of his time advising his current wife, who is the sole stockholder in D.C. Welborn & Associates, Inc., which is engaged in providing management and advertising services to the marine industry. One of Wel-born’s largest accounts is Ron-Stan Marine, Inc., a subsidiary of an Australian enterprise controlled by two of the husband’s childhood friends. Welborn receives a management fee of $4,000 per month for managing Ron-Stan.
The wife contends that the whole thing is a charade and a sham engaged in by the husband and his new wife to enable the husband to technically fulfill the terms of the amended judgment (since it provides for no minimum alimony payment) by simply receiving no net income. We are impressed with that contention. The problem is that the thrust of the wife’s motion below was to have the husband held in contempt and require payment of the alleged arrearages in order to purge himself. Thus, on this record, suspect as the husband’s income arrangement may be, we cannot say the trial court erred in not holding the husband in contempt. However, we feel compelled to remand the cause for further proceedings so that the court can consider the evidence to determine whether the husband should be allowed to become impecunious with impunity while his erstwhile wife remains in need. As the court stated in Smithwick v. Smithwick, 343 So.2d 945, 947 (Fla. 3d DCA 1977):
The right of a wife to payment of alimony and child support in arrears is vested and while it is within the discretion of the court to refrain from holding the husband in contempt for non-payment, the wife is entitled to enforcement of the payment by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary. Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974); Hynes v. Hynes, 277 So.2d 557 (Fla. 3d DCA 1973); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971).
Furthermore, the stipulation in question agreed to the present manner of paying alimony “until further order of the court.” The court may find on further consideration that the time has come to reconsider the matter and enter a new order. We are committed to the proposition that an ex-spouse with an earning ability is not at liberty to elect to cease producing funds with which to meet his financial obligations. See e.g., Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976) (an affirmative finding that a husband “previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent or purpose of order” supports contempt sanction).
*881 Accordingly, we affirm the order of the trial court refusing to adjudicate the husband in contempt, but remand the cause for further consideration by the court of any equitable remedies, including modification of the judgment to meet present conditions, which comport with the wife’s needs and the husband’s ability to pay. The court may allow the filing of additional pleadings and consider additional evidence to facilitate its determination.
AFFIRMED AND REMANDED FOR FURTHER CONSIDERATION consistent with the opinion herein.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.