PER CURIAM.
The last time the parties appeared before this court we upheld the trial court’s refusal to hold appellee in contempt for failure to pay alimony.[1] Nevertheless, we remanded the case “for further consideration by the court of any equitable remedies, including modification of the judgment to meet present conditions, which comport with the wife’s needs and the husband’s ability to pay.”[2] The prior appeal disclosed that appellee had ceased paying any alimony under a court approved stipulation which modified the final judgment to provide permanent periodic alimony of the lesser of $1,000 per month or fifty per cent of appellee’s net income as defined therein. The prior appeal further disclosed that since 1979 appellee ceased income-producing employment and became an unpaid consultant to his current wife’s business.
Upon remand, the trial court referred appellant’s “Motion for Equitable Relief” to a general master. The master recommended, inter alia, that the motion be granted, that the existing court order regarding alimony be modified to provide appellant with permanent periodic alimony, the amount to be determined at a further hearing. The trial court sustained the ap-pellee’s exceptions to the master’s report and denied appellant any relief. The master’s findings and recommendations fully complied with the opinion and mandate of this court. There was no legal basis or justification to sustain the exceptions to the report. The report should be approved and a further hearing held before the court or general master to determine appellant’s need and appellee’s ability to pay.
Reversed and remanded for further proceedings consistent herewith.
DOWNEY and DELL, JJ., and RIVKIND, LEONARD, Associate Judge, concur.

. Hazelwood v. Hazelwood, 449 So.2d 879 (Fla. 4th DCA 1984).

. Id. at 881.