# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00097-CV

**Arthur Jacobs, Jr., Appellant**

**v.**

**Mada Plummer, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-06-001957, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Arthur Jacobs, Jr., appeals from the trial court's judgment ordering a post-divorce partition of jointly owned real property. The trial court ordered a partition by private sale by ordering Mada Plummer, the property's other owner, to buy Jacobs's interest in the property. In three issues on appeal, Jacobs complains of the trial court's failure to appoint a receiver, the amount calculated to be his share of the partitioned value of the residence, and the division of the proceeds of any sale, should a receiver be appointed. We affirm the trial court's judgment.

### Background

Several months before they married in 2001, Jacobs and Plummer purchased a single-family residence located in Pflugerville, Texas. The parties separated in October 2002, and Plummer continued to live in the house. Jacobs was later enjoined from coming within 200 feet of the

residence. In the final divorce decree rendered in February 2006, the district court confirmed that the residence was separate property with Jacobs and Plummer each owning a 50% undivided interest in the property. The divorce decree ordered Plummer to pay Jacobs $9,450 and Jacobs to pay Plummer $17,550 to compensate for the economic contribution of the community estate to each one's separate estate; each debt was secured by a lien on the property.[1] By agreement, the decree also permanently enjoined Jacobs from coming within 200 feet of the residence. Plummer continued to live in the residence and paid all the bills associated with it, such as the mortgage and taxes.

In May 2006, Plummer sued for contribution, seeking compensation from Jacobs for half the mortgage payments she had made on the residence after the divorce. Jacobs filed a counterclaim for partition. Plummer also filed a motion to enforce the permanent injunction by contempt and sought attorney's fees. On August 7, 2006, the matter was tried to the court without a jury. The trial court ruled from the bench that the court intended to effect a private partition sale without a receiver. Jacobs filed a motion to reconsider and on November 9, 2006, the court rendered a written order on all outstanding claims. The court denied Plummer's petition for contribution, granted Jacobs's request for a partition, and held Jacobs in contempt of court for multiple violations of the permanent injunction, fining him $1,000. The court also awarded Plummer $1,000 in attorney's fees. To partition the property, the court ordered Plummer to pay Jacobs $12,900 by October 30, 2006, for his share of the property. The court further ordered Jacobs to execute a deed conveying his interest to Plummer.

---

[1] In other words, after the amounts owed to each other were netted, Jacobs owed Plummer $8,100.

Plummer paid Jacobs's fine. Consequently, the fine and attorney's fees were offset against the $12,900 purchase amount, so that the purchase price became $10,900.[2]  The order also provided that if Plummer did not pay the $10,900 before the specified date, the house was to be sold by a receiver and the proceeds divided in proportion to the liens against it.  Jacobs filed a motion for new trial that was overruled by operation of law and then perfected this appeal.

## Discussion

In his first issue, Jacobs contends that the trial court erred in concluding that a valid partition of jointly owned real property could be accomplished by ordering Plummer to buy out Jacobs's interest in the real property rather than by ordering a sale to be conducted by a receiver. Jacobs contends that the statutory procedures set out in the Texas Property Code and in the Texas Rules of Civil Procedure govern suits for partition.[3]  *See* Tex. Prop. Code Ann. §§ 23.001-.006 (West 2000 & Supp. 2007); Tex. R. Civ. P. 756-771.  He further urges that he has the right to compel a partition.  *See, e.g.*, *Rittigers v. Rittigers*, 802 S.W.2d 109, 113-14

---

[2] In Plummer's brief, she states that she tendered to Jacobs a cashier's check for the $10,900 amount, but he did not accept it.  She also states that the check has never been cashed.

[3] Specifically, Jacobs relies on rule 770, which provides:

> Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is incapable of partition, which sale shall be for cash, or upon such other terms as the court may direct, and shall be made as under execution or by private or public sale through a receiver, if the court so orders, and the proceeds thereof shall be returned into court and be partitioned among the persons entitled thereto, according to their respective interests.

Tex. R. Civ. P. 770.

(Tex. App.—Corpus Christi 1990, writ denied). Plummer, while agreeing that Jacobs has the right to compel a partition, argues that he is not entitled to dictate the method of effecting that partition—i.e., by having a court-ordered sale by a receiver.

However, we need not resolve this issue, nor Jacobs's claim that the rules of civil procedure compel the appointment of a receiver. To secure a reversal on appeal, the appellant must demonstrate that the error complained of probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Because the parties agreed on the value of the property, a sale by a receiver would serve no purpose. The dispute in this case concerns the method of allocating the agreed value of the property, a matter that would not have been within a receiver's purview or under his control. *See United States v. Miller*, 331 S.W.2d 436, 443 (Tex. Civ. App.—Austin 1960, writ ref'd n.r.e.) (receiver has no power to determine rights to proceeds of sale of receivership property; disposition of proceeds depends on order of court in which receivership pending). Because Jacobs agreed to the value of the property, he cannot demonstrate that the lack of a receiver probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Accordingly, we overrule Jacobs's first issue.

In his second issue, Jacobs contends that the trial court erred in concluding that his share of the equity in the jointly owned real property is $12,900 rather than $16,950.[4] However,

---

[4] For a summary of the calculations in the following paragraphs, see the appendix to the opinion.

Jacobs's method of calculating that amount is erroneous because it improperly results in a $4,050 reduction in the amount that the divorce decree ordered him to pay to Plummer.[5]

The property's value for purposes of partition is $132,000. Jacobs and Plummer each have an undivided 50% interest in that amount, which equals $66,000. Because each of them owed $45,000 in mortgage payments, each now has $21,000 remaining as his or her share of the value of the property. The divorce decree ordered Jacobs to pay Plummer $17,550. Subtracting that amount from Jacobs's share in the value of the property leaves him $3,450; adding it to Plummer's share leaves her $38,550.

Plummer was ordered to pay Jacobs $9,450. Therefore, that amount must be added to Jacobs's share of the value of the partitioned property and subtracted from Plummer's share. This results in a value of $12,900 for Jacobs's share of the property—$3,450 plus $9,450—and a value of $29,100 for Plummer's share—$38,550 minus $9,450.

The difference between Plummer's $21,900 share and Jacobs's $12,900 share, or $8,100, is the difference in the parties' economic contributions as found by the trial court. In other words, the trial court found that Jacobs's separate property estate benefitted from the community estate during the marriage by $8,100 more than Plummer's separate property estate.

Jacobs's proposed formula would subtract a lump sum of $90,000 for the mortgage from the $132,000 value of the residence as if it were a community debt, leaving a balance of

---

[5] The amounts that the parties owed one another were set in the final divorce decree. That judgment is final and was not appealed. The amounts for economic contribution of the community estate to each party's separate estate as determined in the final divorce decree are no longer subject to challenge.

5

$42,000.  He would then treat the amounts owed between the parties as if they were also community debts, adding them together for the sum of $27,000, and then subtracting that amount from $42,000, leaving $15,000.  Dividing that amount in half would give himself and Plummer each $7,500.  Adding to his $7,500 share the amount that Plummer owes him ($9,450), Jacobs concludes that his total share of the residence's value is $16,950 and Plummer's is $25,050.  Thus, Jacobs's method would reduce by $4,050 the amount that he owes Plummer for the unequal contributions made during the marriage.[6]

The net effect of the awards for economic contribution left Jacobs owing Plummer $8,100 to be satisfied out of his separate property.  *See Quinn v. Quinn*, 216 S.W.2d 1001, 1004 (Tex. Civ. App.—Fort Worth 1948, writ) (wife could maintain action in Texas to establish amount due her under realty jointly owned by husband and wife, and wife was entitled to payment of amount due her under Louisiana judgment out of husband's one-half of proceeds of partition sale).  The trial court correctly computed the amounts due and owing between the parties.

In his third issue, Jacobs contends that the method used by the trial court for dividing sales proceeds from a sale to be conducted by a receiver in the event that Plummer does not pay Jacobs for his interest in the property is incorrect.  Because of our disposition of issues one and two, we need not reach this issue, and it is dismissed.

---

[6] Jacobs contends that Plummer agreed to this method, relying on an exchange during Plummer's cross-examination concerning "splitting the equity."  Upon reviewing the record, we find nothing in this testimony that shows any kind of agreement on Plummer's part to have her share of the value of the property reduced by $4,050.

## Conclusion

Having overruled or dismissed Jacobs's issues, we affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   December 23, 2008

## Appendix

| Jacobs's Method | | District Court's Method | |
|---|---|---|---|
| $132,000 | property value | $132,000 | property value |
| -  90,000 | mortgages | x      1/2 | Jacobs's 50% interest |
| 42,000 | | 66,000 | |
| -  27,000 | economic contributions (9,450 + 17,550) | -  45,000 | Jacobs's ½ mortgage |
| 15,000 | | 21,000 | |
| x      1/2 | Jacobs's 50% interest | -  17,550 | Plummer's economic contribution |
| 7,500 | | 3,450 | |
| +   9,450 | Jacobs's economic contribution | +   9,450 | Jacobs's economic contribution |
| **$16,950** | | **$12,900** | |

7