TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00097-CV






Arthur Jacobs, Jr., Appellant



v.



Mada Plummer, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. D-1-GN-06-001957, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Arthur Jacobs, Jr., appeals from the trial court's judgment ordering a post-divorce
partition of jointly owned real property. The trial court ordered a partition by private sale by ordering
Mada Plummer, the property's other owner, to buy Jacobs's interest in the property. In three issues
on appeal, Jacobs complains of the trial court's failure to appoint a receiver, the amount calculated
to be his share of the partitioned value of the residence, and the division of the proceeds of any sale,
should a receiver be appointed. We affirm the trial court's judgment.


Background


 Several months before they married in 2001, Jacobs and Plummer purchased a single-family residence located in Pflugerville, Texas. The parties separated in October 2002, and Plummer
continued to live in the house. Jacobs was later enjoined from coming within 200 feet of the
residence. In the final divorce decree rendered in February 2006, the district court confirmed that
the residence was separate property with Jacobs and Plummer each owning a 50% undivided interest
in the property. The divorce decree ordered Plummer to pay Jacobs $9,450 and Jacobs to pay
Plummer $17,550 to compensate for the economic contribution of the community estate to each
one's separate estate; each debt was secured by a lien on the property. (1) By agreement, the decree
also permanently enjoined Jacobs from coming within 200 feet of the residence. Plummer continued
to live in the residence and paid all the bills associated with it, such as the mortgage and taxes.

 In May 2006, Plummer sued for contribution, seeking compensation from Jacobs for
half the mortgage payments she had made on the residence after the divorce. Jacobs filed a
counterclaim for partition. Plummer also filed a motion to enforce the permanent injunction by
contempt and sought attorney's fees. On August 7, 2006, the matter was tried to the court without
a jury. The trial court ruled from the bench that the court intended to effect a private partition sale
without a receiver. Jacobs filed a motion to reconsider and on November 9, 2006, the court rendered
a written order on all outstanding claims. The court denied Plummer's petition for contribution,
granted Jacobs's request for a partition, and held Jacobs in contempt of court for multiple violations
of the permanent injunction, fining him $1,000. The court also awarded Plummer $1,000 in
attorney's fees. To partition the property, the court ordered Plummer to pay Jacobs $12,900 by
October 30, 2006, for his share of the property. The court further ordered Jacobs to execute a deed
conveying his interest to Plummer. 

 Plummer paid Jacobs's fine. Consequently, the fine and attorney's fees were offset
against the $12,900 purchase amount, so that the purchase price became $10,900. (2) The order also
provided that if Plummer did not pay the $10,900 before the specified date, the house was to be sold
by a receiver and the proceeds divided in proportion to the liens against it. Jacobs filed a motion for
new trial that was overruled by operation of law and then perfected this appeal.


Discussion



 In his first issue, Jacobs contends that the trial court erred in concluding that a valid
partition of jointly owned real property could be accomplished by ordering Plummer to buy out
Jacobs's interest in the real property rather than by ordering a sale to be conducted by a receiver. 
Jacobs contends that the statutory procedures set out in the Texas Property Code and in
the Texas Rules of Civil Procedure govern suits for partition. (3) See Tex. Prop. Code Ann. §§ 23.001-.006 (West 2000 & Supp. 2007); Tex. R. Civ. P. 756-771. He further urges that he has the
right to compel a partition. See, e.g., Rittigers v. Rittigers, 802 S.W.2d 109, 113-14
(Tex. App.--Corpus Christi 1990, writ denied). Plummer, while agreeing that Jacobs has the right
to compel a partition, argues that he is not entitled to dictate the method of effecting that
partition--i.e., by having a court-ordered sale by a receiver.

 However, we need not resolve this issue, nor Jacobs's claim that the rules of
civil procedure compel the appointment of a receiver. To secure a reversal on appeal, the appellant
must demonstrate that the error complained of probably caused the rendition of an improper
judgment. See Tex. R. App. P. 44.1(a)(1). Because the parties agreed on the value of the property,
a sale by a receiver would serve no purpose. The dispute in this case concerns the method of
allocating the agreed value of the property, a matter that would not have been within a receiver's
purview or under his control. See United States v. Miller, 331 S.W.2d 436, 443 (Tex. Civ.
App.--Austin 1960, writ ref'd n.r.e.) (receiver has no power to determine rights to proceeds of sale
of receivership property; disposition of proceeds depends on order of court in which receivership
pending). Because Jacobs agreed to the value of the property, he cannot demonstrate that the lack
of a receiver probably caused the rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1). 
Accordingly, we overrule Jacobs's first issue.

 In his second issue, Jacobs contends that the trial court erred in concluding that his
share of the equity in the jointly owned real property is $12,900 rather than $16,950. (4) However,
Jacobs's method of calculating that amount is erroneous because it improperly results in a $4,050
reduction in the amount that the divorce decree ordered him to pay to Plummer. (5)

 The property's value for purposes of partition is $132,000. Jacobs and Plummer each
have an undivided 50% interest in that amount, which equals $66,000. Because each of them owed
$45,000 in mortgage payments, each now has $21,000 remaining as his or her share of the value of
the property. The divorce decree ordered Jacobs to pay Plummer $17,550. Subtracting that amount
from Jacobs's share in the value of the property leaves him $3,450; adding it to Plummer's share
leaves her $38,550.

 Plummer was ordered to pay Jacobs $9,450. Therefore, that amount must be added
to Jacobs's share of the value of the partitioned property and subtracted from Plummer's share. This
results in a value of $12,900 for Jacobs's share of the property--$3,450 plus $9,450--and a value
of $29,100 for Plummer's share--$38,550 minus $9,450.

 The difference between Plummer's $21,900 share and Jacobs's $12,900 share, or
$8,100, is the difference in the parties' economic contributions as found by the trial court. In other
words, the trial court found that Jacobs's separate property estate benefitted from the community
estate during the marriage by $8,100 more than Plummer's separate property estate.

 Jacobs's proposed formula would subtract a lump sum of $90,000 for the mortgage
from the $132,000 value of the residence as if it were a community debt, leaving a balance of
$42,000. He would then treat the amounts owed between the parties as if they were also community
debts, adding them together for the sum of $27,000, and then subtracting that amount from $42,000,
leaving $15,000. Dividing that amount in half would give himself and Plummer each $7,500. 
Adding to his $7,500 share the amount that Plummer owes him ($9,450), Jacobs concludes that his
total share of the residence's value is $16,950 and Plummer's is $25,050. Thus, Jacobs's method
would reduce by $4,050 the amount that he owes Plummer for the unequal contributions made
during the marriage. (6) 

 The net effect of the awards for economic contribution left Jacobs owing Plummer
$8,100 to be satisfied out of his separate property. See Quinn v. Quinn, 216 S.W.2d 1001, 1004
(Tex. Civ. App.--Fort Worth 1948, writ) (wife could maintain action in Texas to establish amount
due her under realty jointly owned by husband and wife, and wife was entitled to payment of amount
due her under Louisiana judgment out of husband's one-half of proceeds of partition sale). The trial
court correctly computed the amounts due and owing between the parties.

 In his third issue, Jacobs contends that the method used by the trial court for dividing
sales proceeds from a sale to be conducted by a receiver in the event that Plummer does not pay
Jacobs for his interest in the property is incorrect. Because of our disposition of issues one and two,
we need not reach this issue, and it is dismissed.

Conclusion


 Having overruled or dismissed Jacobs's issues, we affirm the trial court's judgment.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed: December 23, 2008



Appendix





 Jacobs's Method


$132,000 property value

- 90,000 mortgages

 42,000


- 27,000 economic contributions 
 (9,450 + 17,550)

 15,000

x 1/2 Jacobs's 50% interest

 7,500


+ 9,450 Jacobs's economic

 contribution

 $16,950 

 District Court's Method 


$132,000 property value

x 1/2 Jacobs's 50% interest

 66,000


- 45,000 Jacobs's ½ mortgage

 21,000


- 17,550 Plummer's economic 

 3,450 contribution


+ 9,450 Jacobs's economic 

 contribution

 $12,900
1. In other words, after the amounts owed to each other were netted, Jacobs owed Plummer $8,100.
2. In Plummer's brief, she states that she tendered to Jacobs a cashier's check for the
$10,900 amount, but he did not accept it. She also states that the check has never been cashed.
3. Specifically, Jacobs relies on rule 770, which provides:


 Should the court be of the opinion that a fair and equitable division of the real estate,
or any part thereof, cannot be made, it shall order a sale of so much as is incapable
of partition, which sale shall be for cash, or upon such other terms as the court may
direct, and shall be made as under execution or by private or public sale through a
receiver, if the court so orders, and the proceeds thereof shall be returned into court
and be partitioned among the persons entitled thereto, according to their respective
interests.


Tex. R. Civ. P. 770.
4. For a summary of the calculations in the following paragraphs, see the appendix to the opinion.
5. The amounts that the parties owed one another were set in the final divorce decree. That
judgment is final and was not appealed. The amounts for economic contribution of the community
estate to each party's separate estate as determined in the final divorce decree are no longer subject
to challenge.
6. Jacobs contends that Plummer agreed to this method, relying on an exchange during Plummer's
cross-examination concerning "splitting the equity." Upon reviewing the record, we find nothing
in this testimony that shows any kind of agreement on Plummer's part to have her share of the value
of the property reduced by $4,050.