252 So.2d 867 (1971)
Emilie S. PETRUCCI, Appellant,
v.
Frank R. PETRUCCI, Appellee.
No. 71-607.
District Court of Appeal of Florida, Third District.
October 5, 1971.
*868 Emilie S. Petrucci, in pro. per.
John Gale, Miami, for appellee.
Before PEARSON, CHARLES, CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant, the divorced wife of appellee, has prosecuted this appeal, in proper person, to review those portions of an order reducing child support arrearages by crediting the husband with payments made for the two children's college expenses and staying execution upon the judgment under certain conditions, such as remaining current in his payments. The order was entered after hearing on the ex-wife's motion for entry of judgment on child support arrearages.
We note that the parties had appeared before this court in Petrucci v. Petrucci, Fla.App. 1967, 199 So.2d 516.
A settlement agreement was incorporated into the final divorce decree and it dealt with child support and possible college expenses. Certain arrearages had previously been reduced to judgment.
In Florida, the unpaid child support constitutes a vested right not subject to modification. Therefore, the court erred in ordering a reduction of accrued child support. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205; Gottesman v. Gottesman, Fla.App. 1969, 220 So.2d 640, 642; see generally, "Retrospective modification of, or refusal to enforce, decree for alimony, separate maintenance or support," 6 A.L.R.2d 1277 (1949).
Appellant next objects to that part of the court order which withheld enforcement of the judgment upon certain conditions. We have considered the briefs and oral argument as to this issue, and express the view that appellant has failed to demonstrate reversible error.
For the reasons stated, the order appealed is affirmed, except as to that part which allows the ex-husband credit for any payments made toward the college expenses of either or both of the children.
Affirmed in part, reversed in part.