343 So.2d 945 (1977)
Sally Lee Schindel SMITHWICK, Appellant,
v.
Ollie M. SMITHWICK, Jr., Appellee.
No. 76-267.
District Court of Appeal of Florida, Third District.
March 22, 1977.
*946 Hugh R. Papy, Key West, for appellant.
Franklin, Ullman, Kimler & Entin and Sue Rose Samuels, North Miami Beach, for appellee.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
In this action for past due alimony and support payments plaintiff, Sally Lee Smithwick, appeals a final judgment (1) determining that she is not entitled to a judgment for alimony past due or future, and (2) reducing the amount of future child support payments.
On April 10, 1970 plaintiff and her former husband, Ollie, executed a property settlement agreement whereby Ollie agreed to pay alimony of $500 per month and additional lump sum alimony in annual payments commencing on December 13, 1970 in graduated increasing amounts; child support of $250 monthly per child until age twenty-one or completion of college, whichever occurred first; and the children's college tuition, room, books and fees. Shortly thereafter the parties were divorced. In December 1973 Ollie ceased paying alimony and reduced the monthly support payments to $100 per child. On June 20, 1974 Sally filed a complaint praying that the court enter a judgment against Ollie for the delinquent alimony and child support payments. Ollie answered and for affirmative defenses alleged that the agreement was obtained by misrepresentation and coercion, and his income had so decreased that he was unable to comply with its terms. Following the trial of the cause, the judge entered a judgment terminating any future alimony and determining that Sally is not entitled to payment of past due alimony because of her sufficient earnings in the past. The judgment also required Ollie to pay $6,300 in child support arrearages, payable in 63 equal monthly installments and in lieu of the college education provision of the agreement to pay $125 per month per child upon each child obtaining the age of eighteen. Sally appeals.
*947 We first considered the trial judge's determination that Sally was not entitled to delinquent alimony and find error in this determination.
The right of a wife to payment of alimony and child support in arrears is vested and while it is within the discretion of the court to refrain from holding the husband in contempt for non-payment, the wife is entitled to enforcement of the payments by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary. Feder v. Feder, 291 So.2d 641 (Fla.3d DCA 1974); Hynes v. Hynes, 277 So.2d 557 (Fla.3d DCA 1973); Petrucci v. Petrucci, 252 So.2d 867 (Fla.3d DCA 1971). In his brief Ollie takes no issue with this statement of the law, but contends that under certain compelling or extraordinary circumstances, the trial court would be justified in refusing to enforce the payment of past due installments against a defaulting spouse. See Teta v. Teta, 297 So.2d 642, 645 (Fla.1st DCA 1974). The record does not reflect that this case falls within the above exception and we hold that the trial judge erred in failing to enter judgment in Sally's favor for the arrearages in alimony.
We also find error in the trial judge's termination of future alimony and reduction in child support.
Even though Ollie alleged certain defenses to Sally's complaint, he did not file any pleading for modification of either alimony or child support, and a trial judge is without jurisdiction to modify child support or alimony payments where no pleading is filed directed to modification thereof. See Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Taylor v. Taylor, 143 So.2d 516 (Fla.2d DCA 1962); Goff v. Goff, 151 So.2d 294 (Fla.3d DCA 1963); Lourcey v. Lourcey, 256 So.2d 25 (Fla.1st DCA 1971); Purvis v. Carver, 303 So.2d 681 (Fla.4th DCA 1974); Herbert v. Herbert, 304 So.2d 465 (Fla.4th DCA 1974).
Accordingly, those provisions of the judgment terminating alimony and reducing the child support are set aside, and the alimony and child support payments provided in the settlement agreement are reinstated without prejudice to further consideration of these matters by the trial court upon filing appropriate pleadings.
We find no error in the trial judge's determination to allow Ollie to pay the arrearage in child support in monthly installments as the enforcement of payment of arrears of child support or alimony is a matter resting in the sound discretion of the court to be determined on equitable considerations, including the financial status of the parties. See Gottesman v. Gottesman, 220 So.2d 640 (Fla.3d DCA 1969).
In light of our disposition of the above points, we deem it unnecessary to dispose of the remaining points presented.
The cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.