380 So.2d 1316 (1980)
Joyce Oesterle TASH, Appellant,
v.
Douglas OESTERLE, Appellee.
No. 79-1475.
District Court of Appeal of Florida, Third District.
March 18, 1980.
*1317 Koppen & Watkins and Robert A. Koppen, Miami, for appellant.
Militana, Militana & Militana, Miami, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
NESBITT, Judge.
This is the second appearance of this case before this court. In the previous decision,[1] orders granting a change in child custody from the mother to the father and denying the mother's petition for modification of child support payments were reversed.
After remand, the trial court conducted an evidentiary hearing on the mother's petition for modification which sought an increase in child support payments, payment of accrued arrearages and attorney's fees. The court denied the petition and the mother brings this appeal.
The parties were divorced in 1965. The mother was awarded custody of two minors and the father was ordered to pay fifteen dollars per week per child based upon his then earning capacity of $4,800 per annum. Since the older son had attained his majority, the petition sought modification for only the younger son who was, at that time, thirteen. In the interim, the parties have remarried and their respective spouses earn substantial incomes. The son lives with his mother and stepfather during the week; but with his father and stepmother on weekends. He is gifted with a high intelligence quotient and expects to attend medical school. For this reason, by mutual agreement of the parents, the son is enrolled in a private college preparatory academy which, including tuition, books and other fees, costs $4,000 per annum. This sum is paid directly by his stepmother. She also provides him with pocket money for personal use and to purchase gasoline.
The father has a net income of $16,000 per annum. He and his second wife are owners as tenants by the entirety of a home with a taxable valuation of $193,000, which is encumbered by a $69,000 mortgage. He pays monthly mortgage installments and telephone expenses in the aggregate sum of $1,003. He has no other earnings or demonstrable assets.
The mother testified that it costs $267 per week to provide for the child's remaining necessities. The court found that figure excessive and immediately eliminated some of the questionable "expenses" attributed to the child. In point of fact, the mother was seeking $200 per week which she admitted *1318 was indeed lavish. Whatever the son's actual needs are, they have been paid by his stepfather. The mother concedes she would continue to enroll the son in the academy in the event the father was required to make adequate child support payments directly to her. The father admits he has made none of the required child support payments to the mother since 1975.
Evidence of the assets of the parties as well as the earnings of their respective spouses was properly admitted. Dixon v. Moody, 352 So.2d 950 (Fla.1st DCA 1977).
Ordinarily, child support arrearages become vested in the custodial parent. Petrucci v. Petrucci, 252 So.2d 867 (Fla.3d DCA 1971). Payments made for the benefit of the child may, under equitable considerations, entitle that parent to a setoff. Jimenez v. Jimenez, 309 So.2d 38 (Fla.3d DCA 1975).
This case is much like Mooty v. Mooty, 131 Fla. 151, 179 So. 155 (1938) where the father was given credit for payments for his daughter's college education, which payments were in excess of those required under the terms of the final judgment of divorce. Consequently, we find no error in the court's denial of the motion for payment of arrearages. Accord Stephens v. Stephens, 378 So.2d 1311 (Fla.3d DCA 1980).
The foregoing disposes of the problem of child support arrearages. We must still resolve the more difficult question of prospective child support requested by the mother in her petition for modification.
In Jelke v. Jelke, 233 So.2d 408 (Fla.3d DCA 1970), a father made child support payments beyond those required by the final judgment of divorce. The mother, who had custody of the minors, decided the excess payments were insufficient and filed a petition seeking an increase in child support. This prompted the father to terminate the voluntary support payments. This court concluded that the trial court erred in not adjusting payments in conformity with the voluntary support payments made by the father because it would not assume that such payments would be resumed if the litigation was terminated.
In this case, we have the commendable anomaly of the child being essentially supported by his stepparents. Despite this litigation, they have carried their spouses' burden of support.
The father's earning capacity has more than tripled since he was initially required to pay fifteen dollars per week for the son's support. However, voluntary payments that are supplied by the father's second wife are now in excess of five times that which he was originally ordered to pay. The record demonstrates that the cost of educating the son at the private academy together with other attendant costs far exceeds the amount to which the child support payments could be increased under the father's present earning capacity and demonstrated assets. Moreover, in absence of his agreement to educate his son in a private academy, he might plausibly contend that the public school system is adequate.
The agreement of the parents to enroll their son in a private preparatory academy, considered in light of their limited financial ability, necessarily carries with it a tacit agreement that each would contribute to the final care and custody of their son. The substantial earnings of their respective spouses undoubtedly influenced such an agreement.
In Warrick v. Hender, 198 So.2d 348 (Fla.4th DCA 1967), that court stated:
An agreement, either express or implied, which purports to relieve a father of his duty to support a minor child entirely and permanently offends against public policy and is void. However, the mother and father may as between themselves validly agree, expressly or impliedly, that one rather than the other shall provide or procure the proper support if the best interests of the child are served thereby.
198 So.2d at 351.
Despite acrimonious litigation between the parties, their love and concern for the child's future has worked an implied agreement that both must make sacrifices to provide him with a quality education. As *1319 we understand the trial court's ruling, based upon interrogation it made of the parties, it ratified that implied agreement regarding their son's support and maintenance. Warrick v. Hender, supra.
Voluntary payments continued over a significant period of time to meet specific needs do have evidentiary value tending to show recognition by the parties of increased needs of a child. Jelke v. Jelke, supra. Consequently, if there is a change of circumstances or should either of the parties terminate their support, a petition for modification will become appropriate.
Under the circumstances presented, the trial court did not abuse its discretion in denying the mother's application for attorney's fees. Krasner v. Krasner, 339 So.2d 674 (Fla.3d DCA 1976).
Affirmed.
NOTES
[1] Tash v. Oesterle, 356 So.2d 61 (Fla.3d DCA 1978).