383 So.2d 1153 (1980)
Maria L. MARTINEZ, Appellant,
v.
Julio C. MARTINEZ, Appellee.
No. 79-1759.
District Court of Appeal of Florida, Third District.
May 27, 1980.
Rehearing Denied June 18, 1980.
*1154 Albert P. Rosillo, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Hacker & Matters, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
This appeal seeks review of a post-judgment order modifying the settlement agreement (which had been incorporated into the final judgment of dissolution) and requiring the wife to reimburse the husband for certain overpayments of alimony, child support, and other monies. The trial court abused its discretion in modifying the settlement agreement and in requiring the wife to refund monies voluntarily paid by the husband. We, therefore, reverse as to both aspects of the order.
In 1975, the marriage of the parties was dissolved by a judgment which incorporated a settlement agreement. Paragraph number five of this agreement reads as follows:
The HUSBAND shall be responsible for the support of the two (2) minor children of the parties ... until said children reach majority, become emancipated or otherwise become selfsupporting. The HUSBAND agrees to pay for the support of the two (2) minor children the sum of ... ($250.00) per month per child. Said sum may be augmented by the HUSBAND based upon his increased earnings or ability to pay. Additionally, the HUSBAND agrees to pay for the college and/or professional education of either or both of the two (2) children should the need and abilities of the children dictate. The HUSBAND shall be entitled, as long as said support is furnished to each child, to claim either child or both children, as the case may be, as dependents for income tax purposes...
The daughter, the younger of the two children, wished to attend college and had, in fact, been admitted to the University of Miami. The father refused to pay for the child's education. The mother filed a motion for clarification of the foregoing provision of the settlement agreement along with a motion for contempt for failure to pay child support. Particularly, she asked the court to determine whether expenses related to the child's higher education, such as room and board, books, tuition, etc., were contemplated by the language of the agreement. The husband responded to these motions and countered with a petition for modification of the property settlement agreement as well as reimbursement for certain alleged overpayments of alimony and child support.
After a hearing on the various motions, the trial court ordered a modification of the property settlement agreement to the extent that "if the daughter of the parties wishes to attend college, she may attend Miami Dade Community College and the expense attended [sic] therewith shall be borne equally by the parties until she reaches the age of eighteen (18) years." In reaching this conclusion, the trial court stated it was modifying the agreement because the husband had overpaid the wife in other payments. The trial court then proceeded to order the wife to refund these overpayments.

*1155 I
Addressing the portion of the order concerning college expenses first, we find that the provisions of the settlement agreement clearly require the husband to pay for the daughter's college education at a standard four-year institution. The court may not remake an agreement between the parties. Rubio v. Rubio, 347 So.2d 1093 (Fla.2d DCA 1977); Howell v. Howell, 164 So.2d 231 (Fla.2d DCA 1964).
The husband argues that the first portion of the support provision terminating the husband's responsibility for the support of the children when they reach their majority applies to the second portion of the support provision so that the father's responsibility for providing a college education ends when the children celebrate their eighteenth birthdays. If there is any ambiguity in the provision, the provision will be interpreted in accordance with the best interests of the children concerned. Reinhardt v. Reinhardt, 131 So.2d 509 (Fla.3d DCA 1961). Properly construed, this property settlement agreement evidenced the intent of the parties; that is, to provide a college education for the children. See Kern v. Kern, 360 So.2d 482 (Fla.4th DCA 1978). The Kern court, although holding that there was no duty on the part of the parent to provide a college education for his child, expressly noted that it in no way intended to limit the power of a court to enforce a "stipulated-to agreement between the parties of a dissolution proceeding." Kern v. Kern, supra at 486 n. 6.
The court may not remake an agreement between the parties, and it may not modify the child support aspects of a settlement agreement incorporated into a final judgment of dissolution absent a showing of a change in circumstances of the parties. Frizzell v. Bartley, 372 So.2d 1371 (Fla. 1979); White v. White, 338 So.2d 883 (Fla.3d DCA 1976); and Hagen v. Hagen, 308 So.2d 41 (Fla.3d DCA 1975). The trial court said it was modifying the agreement because the husband had previously overpaid the wife in connection with other obligations. This finding does not meet the standard of changed circumstances required by law.

II
The portions of the order requiring the wife to refund certain monies to the husband include four separate parts: (1) return of alimony overpayments, (2) refund of child support paid while the children were staying with the husband, (3) refund of child support paid after the child reached his majority, and (4) reimbursement of monies paid by the husband against credit card charges of the wife.
(1) The husband is not entitled to a refund of overpayments of alimony where the overpayments were voluntarily made and not contemplated as a loan from the husband to the wife. The husband is obligated to pay the specified amounts according to the terms of his judgment of dissolution and should not be permitted to vary those terms to suit his convenience without the agreement of the other party. Hubshman v. Hubshman, 379 So.2d 670 (Fla.4th DCA 1980) citing Mixson v. Mixson, 253 S.C. 436, 171 S.E.2d 581 (1969).
(2) The husband is not entitled to reimbursement for child support paid while the children were living with him but while the mother still had legal custody. Patterson v. Patterson, 348 So.2d 592 (Fla.1st DCA 1977). In the Patterson case, the husband had not paid child support while the children were residing with him, and that court held there were strong equitable reasons for not holding him in contempt under the circumstances. However, the Patterson court specifically stated that the legal obligation to pay child support would terminate only upon the filing of the petition for modification of the judgment. In this case, there was no alteration of the legal obligation and the equitable considerations must favor the wife. The child support payments were made to her even though the children were not living with her. She had no reason to presume that the money paid would have to be repaid. See generally Tash v. Oesterle, 380 So.2d 1316 (Fla.3d DCA 1980).
*1156 (3) The father cannot seek reimbursement of a pro rata share of child support paid after one of the children attained his majority. As was noted in Tash v. Oesterle, supra, and Jelke v. Jelke, 233 So.2d 408 (Fla.3d DCA 1970), child support payments in excess of those required by the final judgment of dissolution tend to show that a parent recognizes increased needs of the child. In this case, continuing the payments tends to show the father's recognition of the son's continuing need for financial assistance. There was no evidence that the monies were paid on the understanding that it was merely a loan and would have to be repaid. The equitable considerations preclude an order requiring the wife to refund these sums.
(4) The portion of the order requiring the wife to reimburse the husband for payments made on credit card balances is error. There was insufficient evidence before the trial court to establish the husband's right to a refund.
The decision of the trial court is reversed, and the cause is remanded for a determination as to the extent of related college expenses within the contemplation of the parties at the time the agreement was entered into and for other proceedings consistent with this opinion.[1]
NOTES
[1] Since the child who wishes to attend college has attained her majority during the pendency of these proceedings, we note that the child should proceed on her own behalf. Kern v. Kern, 360 So.2d 482, 485 (Fla. 4th DCA 1978).