451 So.2d 540 (1984)
Sherl Lanette RAYBUCK, n/k/a Sherl Furman Anaclerio, Appellant,
v.
Franklin Arnold RAYBUCK, Appellee.
No. 83-1283.
District Court of Appeal of Florida, Second District.
June 20, 1984.
*541 Veronica E. Donnelly of Donnelly & McCue, Bradenton, for appellant.
No appearance for appellee.
HOBSON, Judge.
Sherl Lanette Raybuck, n/k/a Sherl Furman Anaclerio (mother), movant below, appeals a final order 1) denying her motion to hold Franklin Arnold Raybuck (father) in contempt of court for his failure to pay arrearages of child support for the parties' minor child; 2) deciding that the father does not have to pay child support for a period in which the child stayed with him; and 3) allowing the father a credit against arrearages for the period in which the child stayed with him. We affirm in part and reverse in part.
In 1976 the trial court rendered a final judgment which dissolved the parties' marriage, awarded custody of the parties' seven-year-old son to the mother, allowed the father reasonable visitation privileges, and required him to pay a weekly sum for child support. The judgment did not provide that the father would be relieved of his responsibility of making child support payments during periods in which he exercised reasonable visitation rights. In 1983 the mother filed a motion to hold the father in contempt of court for his failure to pay arrearages of child support. After conducting an unrecorded hearing, the court issued its final order which held 1) that, although the final divorce decree ordered the father to pay weekly child support, he did not have to pay child support for an eleven-week period in which the son stayed at his home; 2) that, based on a subtraction of the amount for eleven weeks of child support payments, he owed a lesser amount of arrearages; and 3) that he was not in contempt of court.
The trial court erred both in deciding that the father did not have to pay child support for the eleven-week period in which the parties' son stayed at his home and in allowing him a correspondent setoff. Past due child support payments constitute vested property rights which are not subject to modification. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981); Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980); Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971). Hence, absent compelling circumstances or a valid defense, a trial court lacks the authority to retrospectively *542 cancel or reduce past due child support payments. Panganiban; Fox; Patterson; Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). Compelling circumstances did not exist in the case at bar for the court's reduction in arrearages, and the father did not have an appropriate defense. We note that it has been held that a payor parent is not entitled to reimbursement for child support payments made while the child is staying with the payor parent and while the other parent still has legal custody. Martinez v. Martinez, 383 So.2d 1153 (Fla. 3d DCA 1980). Cf. Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980); Patterson.
As regards future due child support payments, the trial court erred in implicitly modifying the child support provision of the final divorce decree to mean that the father need not make child support payments while he exercises reasonable visitation privileges. A payor parent must continue to make child support payments pursuant to the child support provision of a final divorce judgment until he files a motion for modification and such motion is favorably acted upon. Fox; Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). Here, the father never submitted such a motion.
The trial court, however, did not err in refusing to find the father in contempt of court. Imposition of contempt as a sanction against a parent who defaults on payment of child support is a discretionary matter, not a matter of right. Fox; Moreland v. Moreland, 358 So.2d 907 (Fla. 1st DCA 1978); Smithwick. The court below did not abuse its discretion by not imposing this sanction. Cf. Pottinger; Fox; Boyle v. Boyle, 194 So.2d 64 (Fla. 3d DCA 1967).
Accordingly, we reverse the portions of the final order which state that the father does not have to pay child support for the period in which the son stayed at his home and which allow him to set off from the amount of arrearages the sum for eleven weeks of child support payments. We affirm the portion denying the mother's motion to hold the father in contempt.
AFFIRMED in PART and REVERSED in PART.
OTT, C.J., and SCHEB, J., concur.