460 So.2d 982 (1984)
Jennifer Lynn SHUFFLEBARGER and Abbe Elizabeth Shufflebarger, a Minor, by Their Next Friends, Raymond G. and Barbara OKTAVEC, Appellants,
v.
Harry L. SHUFFLEBARGER, M.D., Appellee.
No. 84-556.
District Court of Appeal of Florida, Third District.
December 18, 1984.
*983 Conrad, Scherer & James and Robert F. Jordan, Fort Lauderdale, for appellants.
Hendricks & Hendricks and Ben E. Hendricks, Jr., Coral Gables, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
Jennifer Lynn Shufflebarger (J.S.) and Abbe Elizabeth Shufflebarger, a minor (A.S.), through their guardians and next friends, the Oktavecs, appeal the order entered by the trial court on their petition for enforcement and modification of a previous child support award.
The Shufflebargers were married twice and divorced twice. One child, A.S., suffers from mental retardation due to the effects of fetal alcohol syndrome. The wife obtained custody of the two children pursuant to the second divorce property settlement agreement. Shortly thereafter, the wife was hospitalized and her sister, Mrs. Oktavec, took the children into her home. The children have since continued to, and presently do, reside with the Oktavecs. Also pursuant to the second property settlement agreement, the husband agreed to pay child support of $250 per month per child for 48 months, at which time alimony payments would terminate, and thereafter, to pay $350 per month per child until each child reached majority. At the time of the final hearing on the petition for modification, August 17, 1983, J.S. had reached age 18. The parties' agreement further stated that "all sums paid for the support of the minor children and not actually used therefor shall be placed in a savings account by the wife for the use and benefit of said children." The father paid the $250 per month for each child until alimony terminated, and thereafter paid the same $500 per month child support, depositing the extra $200 a month in a savings account. The amount accrued in the account, with interest, was $14,500.
On December 1, 1982, the Oktavecs filed a petition for modification of the final judgment of dissolution seeking to enforce payment of the child support arrearages, to increase the monthly support for the children, to receive from the father financial security for the retarded child via a life insurance policy, and to obtain legal custody of A.S. The father stipulated that he had the financial resources to pay any amount the court deemed necessary for child support. After a hearing on the matter the court awarded the Oktavecs custody of A.S. and ordered the father to pay $750 a month for the care of A.S., commencing on August 1, 1983 and continuing until terminated or modified by further order of the court, and to pay for the child's summer camp. The court additionally ordered the father to purchase a term life insurance policy in the amount of $100,000 with A.S. as beneficiary, but only if the insurance could be purchased at a "normal and ordinary rate." The court further split the $14,500 arrearages in half, awarding *984 half to the Oktavecs and leaving the remaining half in the savings account, to be used for the education of J.S. Finally, the court ordered the father to pay all dental and medical bills of the children.
The Oktavecs raise four contentions on appeal: (1) the court erred in not awarding an increase in support for J.S. from the date the petition was filed, December 1, 1982, until the date of her eighteenth birthday, August 17, 1983; (2) it was error for the court to award half of the arrearages to the Oktavecs and to leave the remainder in trust for J.S.'s education; (3) the court erred in conditioning the purchase of a life insurance policy on the premium payments; and (4) the award of $750 a month for A.S. was inadequate.
Taking the last contention first, we affirm the court's award of child support for the disabled child, A.S., of $750 per month. The trial court heard testimony on the amount necessary to provide for A.S., and its award was based on competent and substantial evidence; the court properly made the award retroactive to the date the petition was filed. Menendez v. Menendez, 435 So.2d 287 (Fla. 5th DCA 1983); Aycock v. Aycock, 433 So.2d 680 (Fla. 5th DCA 1983); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). A determination of the amount of child support is a matter of trial court discretion, which discretion is subject to a test of reasonableness. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). The test is met and no abuse of discretion is shown in the record before us.
We agree, however, with the Oktavecs' remaining contentions, for the reasons which follow, and reverse and remand for modification consistent with this opinion.
First, the child support payments agreed upon by the parties are not commensurate with the husband's present financial ability and the present needs of his children. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979). Where a party stipulates that he can adequately pay increased child support in order to foreclose inquiry into his present financial circumstances, a court can properly assume that his earnings and assets have substantially increased. Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA), pet. for rev. denied, 392 So.2d 1378 (Fla. 1980). The facts of this case, furthermore, satisfy the rule that in order to require an upward modification, "there must also be an increase in the [child's] needs which may be met only by a change in the existing judicial award." Young v. Young, 456 So.2d 1282, 1284 (Fla. 3d DCA 1984). Since the general rule is that a parent is obligated to support a child until the age of majority. Perla v. Perla, 58 So.2d 689 (Fla. 1952), and since the effective date of a modification of child support payments is the date the petition is filed where it appears, as it does here, that the needs of the child existed as of that date, Meltzer v. Meltzer, supra; Friedman v. Friedman, 307 So.2d 926 (Fla. 3d DCA 1975), we conclude that it was error for the trial court to deny the increase in child support for J.S. from the date the petition was filed until the date she reached her majority. Fotorny v. Fotorny, 397 So.2d 329 (Fla. 4th DCA 1981); Steinau v. Steinau, 343 So.2d 631 (Fla. 4th DCA 1977).
Second, a court may order a non-custodial parent to maintain life insurance for the benefit of his minor child. Hinebaugh v. Hinebaugh, 403 So.2d 451 (Fla. 5th DCA), pet. for rev. dismissed, 408 So.2d 1093 (Fla. 1981); Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981); Moore v. Moore, 311 So.2d 152 (Fla. 3d DCA 1975). Even though a parent's duty of support ordinarily ceases when a child reaches majority, an exception exists where an adult child suffers from physical or mental deficiencies. Perla v. Perla, supra; Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963). While we agree that the facts of this case support the provision in the modification order requiring the non-custodial parent to purchase a life insurance policy, we do not agree, however, with the condition imposed by the trial court that acquisition of the policy be dependent on *985 the availability of premiums at an ordinary and standard rate. The record indicates that financial ability was not an issue and that the father had previously experienced ill health. Accordingly, we reverse this portion of the order, with directions to delete the aforementioned condition as to life insurance policy premium rates.
Lastly, we address that portion of the order which ordered one half of the arrearages to be paid to the Oktavecs and left the remainder in trust for J.S.'s education. Unpaid child support is a vested right not subject to modification. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971). By designating one half of the arrearages to be used for J.S.'s education the court, in essence, credited the father for future college expenses. While we deem it admirable that the father pay for J.S.'s college education, he owes no duty to do so, nor can the court order him to do so, absent an agreement to provide for same. Kern v. Kern, supra; Petrucci v. Petrucci, supra. Thus, the trial court abused its discretion by reducing the amount of the arrearages. The entire amount of accrued child support in arrears should be paid to the Oktavecs. Even though J.S. has now turned eighteen, the Oktavecs are the custodial guardians of the children and had the legal standing to enforce the childrens' right to support while the children were minors. We believe they are entitled to enforce the payments of child support which accrued before the children reached age eighteen. See Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984); Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983); Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982) (Sharp, J., dissenting), pet. for rev. denied, 426 So.2d 25 (Fla. 1983).
Accordingly, the order of the trial court under review is affirmed in part and reversed in part and remanded for further proceedings not inconsistent with this opinion.
Affirmed in part, reversed in part, and remanded.