540 So.2d 880 (1989)
Patricia ONLEY and the Department of Health and Rehabilitative Services, Appellants,
v.
Jerome ONLEY, Appellee.
No. 88-2345.
District Court of Appeal of Florida, Third District.
March 14, 1989.
Melvin A. Rubin, Miami, for appellants.
Jordan & McGibney, Homestead, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The former wife appeals from an order on her motion to hold her ex-husband in contempt for failing to pay arrearages in child support for their two children provided by a final judgment of dissolution. Although by the time of the hearing the unpaid sum amounted to approximately $4,000, the trial judge gave the appellee a "credit" of $2,000 which represented the cost of an automobile he gave to the parties' teenage son. We reverse this ruling.
It is well settled that support obligations accruing under a court order in a domestic case become vested rights of the payee and vested obligations of the payor which are not subject to retroactive modification. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Ragan v. Thomas, 515 So.2d 405 (Fla. 1st DCA 1987); Shufflebarger v. Shufflebarger, 460 So.2d 982 (Fla. 3d DCA 1984); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971). In the absence of some showing  which was not present here  that a payment to or on behalf of the child served to discharge a duty of support encompassed by the order in question, e.g., Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980), and cases cited, *881 such a payment, if unilaterally made without authority of court, cannot serve to discharge or reduce the requirements imposed upon the non-custodial parent. Ragan v. Thomas, 515 So.2d at 405; Shufflebarger v. Shufflebarger, 460 So.2d at 982; see Wooten v. Wooten, 510 So.2d 1033 (Fla. 2d DCA 1987); Adams v. Adams, 423 So.2d 596 (Fla. 3d DCA 1982). In itself, Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988), illustrates both principles. There, the father's payments for the child's college room and board were allowed as falling within the "spirit and intent" of the order, while payments for various personal college expenses not covered by the judgment were held to be mere gratuities which could not be set off. This case presents a classic application of the latter situation. However well-intentioned, Onley had neither authorization nor right to modify by self-help the simple terms of a court order that he periodically pay his ex-wife a designated sum of money for the children's support. Hence, the trial judge erroneously provided for a deduction in the amount he unauthorizedly expended for the son's car.
Even as to the $2,000 remaining in arrears under the trial court's order, it was provided only that the sum be paid down at what seems to have been the unconscionably low rate of $25 per month. While the appellant raises no point on appeal concerning this fact and does not challenge the authority of the court, in ruling on a motion for contempt, to provide for a reasonable repayment schedule in discharge of past due payments, see Ashe v. Ashe, 509 So.2d 1146, 1148 (Fla. 1st DCA 1987), we note that the court must reconsider the entire issue in the light of our instant determination to increase the amount of the recoverable arrearages. When it does so, it should reconsider also the propriety of the terms and conditions of the order requiring payment of the sums due. See generally § 61.17, Fla. Stat. (1987).
REVERSED AND REMANDED WITH DIRECTIONS.