600 So.2d 484 (1992)
Carol PUGLIA and the Department of Health and Rehabilitative Services, Appellants,
v.
Albert PUGLIA, Appellee.
No. 91-1264.
District Court of Appeal of Florida, Third District.
May 26, 1992.
*485 Melvin A. Rubin, Miami, for appellants.
No Appearance for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
PER CURIAM.
Appellants, Carol Puglia (Mother), and the Department of Health and Rehabilitative Services (HRS), appeal an order granting credits against arrearages for unpaid child support owed by Appellee, Albert Puglia (Father). We reverse and remand.
The parties divorced in 1983. In the divorce settlement agreement, the father agreed to pay $50.00 weekly as child support. The payments were not made in a timely manner, and the mother instituted several actions to collect the child support arrearages.
In the latest action, the mother sought a judgment for arrearages of $12,650.00, and requiring payments of $100.00 per week to be deducted from the father's income. The father disputed the amount of arrearages, contending that he should be credited for the time the child spent with him during summer vacations.
The Hearing Officer recommended a credit of $4,424.00 towards the arrearages:
Said sum represents credit for the time the minor child spent with the Respondent during summer visitation.
The trial court entered an order crediting the father and ordering weekly payments of $53.98.
Support obligations accruing under a court order in a domestic case become vested rights of the payee and vested obligations of the payor which are not subject to retroactive modifications. Larger v. Diaz, 595 So.2d 1092 (Fla. 3d DCA 1992); Onley v. Onley, 540 So.2d 880 (Fla. 3d DCA 1989).
The right to the previously determined child support vests at the time the payments are due:
The law is well established that the right of a wife to payment of child support in arrears is vested, and while it is within the discretion of the court to refrain from holding the husband in contempt for nonpayment, the wife is entitled to enforcement of the payment by legal process.
Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), review dismissed, 441 So.2d 632 (Fla. 1983).
Generally, child support payments may be modified only prospectively through a modification of the child support agreement.[1]See Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). Credits towards child support arrearages have the appearance of a retroactive modification, and if so, constitute error. Ragan v. Thomas, 515 So.2d 405 (Fla. 1st DCA 1987).
Appellee sought credits for weeks the child resided with him. Although the father could have sought modification of the child support order in advance, he did not do so. Having failed to do so, it is too late to seek this remedy retroactively. Parrish v. Department of Health & Rehabilitative Services, 525 So.2d 1029 (Fla. 5th DCA 1988); Kolb v. Kolb, 502 So.2d 518 (Fla. 1st DCA 1987); Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984).
Although the law is clear that the mother is entitled to a judgment on the entire amount of the arrearages, the trial court may give the father an opportunity to pay the arrearages at a prescribed payment schedule. Guarino v. Guarino, 431 So.2d at 190; Goff v. Goff, 151 So.2d 294 (Fla. 3d DCA 1963). However, the failure to enter a judgment for the entire amount due constitutes error. Roffe v. Roffe, 404 So.2d 1095 (Fla. 3d DCA 1981).
*486 Finally, the trial court ordered that $53.98 be deducted from the father's income. Since it appears that the father is not voluntarily paying the previously ordered $50.00 per week, the $53.98 would only apply $3.98 towards the arrearages.
A trial court has discretion as to the manner in which the arrearage is to be repaid. Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985). Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). However, the trial court is to consider the payor's ability to pay when determining the monthly amount. Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987).
We note that at the present rate it would take the father over 60 years to repay the arrearages. However, the record is silent regarding the father's ability to pay. Therefore, we reverse the award of credits for past visitation periods and the failure to enter judgment for the total amount due. We remand for a determination of the father's ability to pay and a concomitant order for a reasonable payment schedule.
Reversed and remanded.
SCHWARTZ, C.J., and GERSTEN, J., concur.
COPE, Judge (concurring).
I join the majority opinion but add a word to explain why, in my view, the father is not entitled to retroactive credit for funds expended during the child's summer visitation. It is not necessarily obvious why that should be so.
In the present case the trier of fact found that the minor child spent the entirety of each summer with the father. Construing the record in the light most favorable to the father, who prevailed on this issue, the trier of fact concluded that the father had spent at least the ordered amount, which was approximately $50 per week, for the support of the child during the visitation period. There was, however, no specific provision that child support payments would abate during summer visitation.
As summarized in Onley v. Onley, 540 So.2d 880 (Fla. 3d DCA 1989):

In the absence of some showing ... that a payment to or on behalf of the child served to discharge a duty of support encompassed by the order in question, e.g., Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980), and cases cited, such a payment, if unilaterally made without authority of court, cannot serve to discharge or reduce the requirements imposed upon the non-custodial parent.
Id. at 880-81 (emphasis added; citations omitted). Likewise, Tash v. Oesterle holds, "Ordinarily, child support arrearages become vested in the custodial parent... . Payments made for the benefit of the child may, under equitable considerations, entitle that parent to a setoff." 380 So.2d at 1318 (citations omitted). Accord Larger v. Diaz, 595 So.2d 1092 (Fla. 3d DCA 1992); Kolb v. Kolb, 502 So.2d 518, 519 (Fla. 1st DCA 1987); Raybuck v. Raybuck, 451 So.2d 540, 541 (Fla. 2d DCA 1984); Jimenez v. Jimenez, 309 So.2d 38 (Fla. 3d DCA 1975); Teta v. Teta, 297 So.2d 642, 645 (Fla. 1st DCA 1974).
The question is whether, under the Onley test, the payments on behalf of the child during summer visitation "served to discharge a duty of support encompassed by the order in question... ." 540 So.2d at 880.
The general rule has been summarized, "Unless it is so provided in the decree, most courts will not permit the father credit against child support payments for expenditures connected with the father's temporary custody of the child pursuant to visitation provisions of the decree." Annot., Right to Credit on Accrued Support Payments for Time Child is in Father's Custody or for Other Voluntary Expenditures, 47 A.L.R.3d 1031 § 8, at 1044 (1973). The logic is that the custodial parent's budget includes fixed overhead items like housing which do not abate while the child is away on visitation. Another analysis is that child support payments are commonly annual amounts broken into installments for purposes of payment. Finally, where the agreement or decree provides for child support payments plus rights of visitation, the most logical interpretation is that child *487 support payments do not abate during periods of temporary visitation unless the decree or agreement specifically says so.
For those reasons, I agree that the monies paid by the father during the child's visitation did not discharge the duty of support within the meaning of Onley. Temporary visitation, without more, does not cause child support obligations to abate. See Kolb v. Kolb, 502 So.2d at 519; Raybuck v. Raybuck, 451 So.2d at 541-42; cf. Martinez v. Martinez, 383 So.2d 1153, 1155 (Fla. 3d DCA 1980) (rejecting demand for repayment of child support already paid to custodial parent).
NOTES
[1] There is a narrow exception to this general rule:

In the absence of some showing  which was not present here  that a payment to or on behalf of the child served to discharge a duty of support encompassed by the order in question, e.g., Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980), and cases cited, such a payment, if unilaterally made without authority of court, cannot serve to discharge or reduce the requirements of the non-custodial parent. [Citations omitted].
Onley v. Onley, 540 So.2d at 880, 881. Appellee did not meet that narrow exception.