SCHWARTZ, Chief Judge.
After our reversal in State Department of Health & Rehabilitative Services v. Whaley, 624 So.2d 367 (Fla. 3d DCA 1993), the trial court, in the order now under review, ap *1017 proved a hearing officer’s decision fixing a judgment for unpaid child support and setting a monthly amount for its repayment. We agree with both of the appellant’s claims for reversal.
1.
Applying the doctrine of laches, the trial court reduced the arrearages by one half of the accrued amount. Laches does not apply, however, both because there was no demonstration that the mother had agreed to a reduction in the father’s obligation, see Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971), and because the appellee was not cog-nizably — that is, non-financially — prejudiced by the delay in securing payment. Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399 (1942); Brumby v. Brumby, 647 So.2d 330 (Fla. 4th DCA 1994), cause dismissed, 651 So.2d 1192 (Fla.1995); Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984), pet. for review denied, 466 So.2d 218 (Fla.1985); Jimenez v. Jimenez, 309 So.2d 38 (Fla. 3d DCA 1975); see Dean v. Dean, 665 So.2d 244, 249-50 (Fla. 3d DCA 1995)(Jorgenson, J., dissenting), review denied, 675 So.2d 926 (Fla.1996). Accordingly, after remand, the judgment of $39,879.98 shall be increased to $79,759.96.
2.
We likewise find no basis for the apparent inadequacy of the $300.00 per month toward the arrearages the appellee was ordered to pay. See § 61.1301(l)(b)2, Fla.Stat. (1995); Puglia v. Puglia, 600 So.2d 484 (Fla. 3d DCA 1992); Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985). As in Puglia, therefore, the cause is remanded for appropriate determination of his ability to make additional monthly payments. See Puglia, 600 So.2d at 486.
Reversed and remanded with directions.