PER CURIAM.
In a post-dissolution proceeding, the former wife appeals from an order adjusting the former husband’s financial obligations. For the following reasons, we reverse and remand.
The parties were married in 1981 and had one son, born in 1982. They were divorced in 1986. Both parties were represented by counsel when they signed a marital settlement agreement that was incorporated into the final judgment of dissolution of marriage. The wife was awarded custody of the child; the husband retained the marital residence and various properties. The husband was obligated to hold as trustee for the son real property in Ocala, Florida, until the child attained the age of 21. He was to make all mortgage payments and other obligations on that property and hold the wife harmless for any liability arising from that property. If the husband sold the property, he was to hold the funds in trust for the son. The father never made the payments; that property went into foreclosure. The wife had to refinance and has been paying the mortgage on that property for sixteen years.
The husband also agreed to open an interest-bearing trust account for the child and deposit $2,000.00 yearly, from 1986 until the child turned 18, for the child’s education beyond high school; the corpus was to be delivered to the son when he turned 21. The current record does not clearly indicate how many, if any, of those payments the former husband made.
The wife received a lump sum settlement of $115,000.00; the husband was obliged to pay $500.00, then $700.00 per month in child support, as well as all costs of private schools, summer camps, health and dental insurance. Again, the record is not clear as to how many, if any, of those payments were made.
In 1989, the former wife brought an enforcement proceeding; the husband was represented by counsel, although he himself was in prison on drug trafficking offenses. Following a number of hearings the court determined that the husband owed over $125,000.00 in support payments. The court ordered that arrearage, as well as future support obligations of approximately $173,012.00, to be secured by an equitable lien of $300,589.93 against the former marital home. However, that property was seized by the federal government because of the husband’s drug trafficking; the wife received only a portion of the proceeds. The court made a factual finding that the wife’s efforts at enforcement of the final judgment had been fruitless because of the husband’s shielding himself behind the Fifth Amendment. In addition, in the 1989 order the court specifically found that the husband had shown an intent to convey or conceal his assets.
The husband spent four years in prison on trafficking convictions. When he was released, he filed a petition for modification of the final judgment alleging that he worked at minimum wage. His child support obligations were reduced to $150.00 per month. The wife then discovered that he had apparently misrepresented his income; the court increased the child support to $350.00 per month and instituted an income deduction order. By means that are not entirely clear, through an ex parte proceeding in 1996 the husband and his counsel caused the Central Depository to reflect the balance of his arrearage in child support payments as zero.
*265 On May 1, 2000, the husband moved to terminate child support, as the child would be turning 18 on May 11, 2000. The wife moved to enforce the 1989 judgment for arrearages, which she alleges to be $528,090.00, consisting of principal and interest. The court entered the order on appeal, modifying — to the husband’s considerable advantage — many of the husband’s support obligations contained in the final judgment of dissolution of marriage and reiterated in the 1989 judgment.
We reverse, as the trial court erred in holding that child support payments owed by the husband between the date of the dissolution of marriage and January, 1997 were barred by laches and res judicata. “Support obligations accruing under a court order in a domestic case become vested rights of the payee and vested obligations of the payor which are not subject to retroactive modifications.” Puglia v. Puglia, 600 So.2d 484, 485 (Fla. 3d DCA 1992). The right to the previously determined child support vests at the time the payments are due. Id. Unpaid support obligations are subject to a set-off only when “compelling equitable criteria and considerations” are present. See Waldman v. Waldman, 612 So.2d 703, 704 (Fla. 3d DCA 1993). No such circumstances are present in this case, and there is no legal or equitable reason for the trial court to have effectively nullified the judgment of January 18, 1989. As a matter of fact and of law, the doctrines of laches and res judicata do not apply to this proceeding.
In sum, we reverse the order under review and remand for an evidentiary proceeding in which the parties shall present the accountings necessary for the trial court to determine the proper amount of the husband’s support arrearage from the date of the final judgment of dissolution of marriage until the date of that evidentiary hearing,[1] and to establish an appropriate payment schedule. See Puglia, 600 So.2d at 486 (“A trial court has discretion as to the manner in which the arrearage is to be repaid.”). On remand, the arrearage is to be determined without regard to the “zero balance” erroneously listed by the Central Depository.
REVERSED AND REMANDED WITH DIRECTIONS.

. Some of the support obligations were to continue until the child turned 21.