864 So.2d 1205 (2004)
Gary PORRO, Appellant,
v.
Jennifer PORRO, Appellee.
No. 4D02-4229.
District Court of Appeal of Florida, Fourth District.
January 21, 2004.
*1206 Debra D. Duckett, Boca Raton, for appellant.
Evelyn A. Ziegler, West Palm Beach, for appellee.
KLEIN, J.
In 1995 the parties entered into an agreement and judgment requiring appellant father to pay a total of $950 a month support for three children, as well as an additional amount for arrearages. Because of his failure to promptly seek modification as the children reached majority, the trial court held that the father was *1207 precluded as a matter of law from receiving a credit against his substantial arrearages. We reverse because we conclude that the trial court should have considered the father's entitlement to a credit on the merits.
In addition to requiring a single payment of $950 a month for all three children, and an additional sum for arrearages, the agreement provided:
In no event shall the Former Husband's child support fall below $1170.00 per month until all arrearages are paid in full, regardless of any child reaching the age of majority. The parties agree to recalculate the Former Husband's support obligation upon any of the minor children reaching the age of majority, so that the apportionment of his monthly payments towards support and arrearages may be determined.
The children reached majority in 1995, 1997, and 2001. Although the father made unsuccessful efforts to obtain reapportionment of child support starting one year after the oldest child reached majority, it was not until July, 1997, that he filed a second petition for modification and not until October, 2001 when it was heard. The trial court dismissed the petition with prejudice, holding that he was barred as a matter of law because he should have sought relief sooner.
Normally child support payments become vested, once the payment date is past, and that obligation cannot be retroactively modified prior to the filing of a petition for modification. Puglia v. Puglia, 600 So.2d 484 (Fla. 3d DCA 1992). In an action to collect past due child support, however, there may be equitable reasons, including the lack of a legal obligation to pay child support, which may constitute a valid defense. As our supreme court explained in State ex rel. Pittman v. Stanjeski, 562 So.2d 673, 678 (Fla.1990):
The following three equitable defenses may be appropriate grounds for relief: (1) paymenta direct payment is made to the payee because of the exigencies of the family situation or a family emergency; (2) no further obligation to pay supporta minor child reaches majority, marries, enters the armed services, or dies, or a former spouse receiving alimony remarries or dies; or (3) change of custodya full change of child custody has occurred and the former custodial parent no longer supports the child or retains fiscal obligations relating to the child. There may be other equitable defenses that can be raised based on other types of extraordinary circumstances. We emphasize that the underlying purpose of this process is to assure the payment of child support for the welfare of the child.
Based on Pittman we conclude that the father was not barred as a matter of law from seeking credit back to the date each child reached the age of majority because of the combination of provisions of the agreement. First, the agreement obligated the father and mother to recalculate the father's support obligation as each child reached majority. The father made efforts to have a recalculation, but they were not successful. Second, and very significant, is the fact that the father has at all times owed a very substantial arrearage. This meant that, under the agreement, even if the parties had agreed to a reduction when each child reached the age of majority, his payments would not have been reduced. Even if the trial court had granted the relief the father was seeking, he would still be required to pay $1170 a month on the arrearage.
Considering that the father would not have been entitled to a reduction in his actual monthly payment when each child *1208 reached majority, we can understand why he could see no urgency in expending the time and money to obtain a court-ordered reapportionment.
Because the trial court simply applied the general rule that child support payments become vested and cannot be modified prior to the filing of the motion for modification, it did not consider whether this was one of those equitable situations contemplated by Pittman, which would be an exception to the general rule. We therefore reverse for consideration on the merits. In deciding whether to grant relief, the court can consider any prejudice caused by the delay. In addition, any credit based on one of three children reaching majority would not necessarily be one-third of the undifferentiated amount paid per month. Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986). Reversed.
STONE and TAYLOR, JJ., concur.