SCHWARTZ, Senior Judge.
Notwithstanding the differences between the mother and father concerning his access to the children he was required to support, section 61.18(4)(b), Florida Statutes (2004),[1] precludes reliance on such matters to reduce accrued arrearages in child-support payments, as occurred below. See E.Z.P. v. H.P., Jr., 756 So.2d 188 (Fla. 3d DCA 2000); Washington v. Fudge, 616 So.2d 196 (Fla. 3d DCA 1993); Dep’t of Health & Rehab. Servs. v. Sandidge, 651 So.2d 1261 (Fla. 1st DCA 1995); see also Hoffman v. Foley, 541 So.2d 145 (Fla. 3d DCA 1989).
Moreover, the order under review purported, in part, to relieve the appellee of obligations which had been reduced to an unappealed final judgment two years before. See Alvarez v. Alvarez, 598 So.2d 162 (Fla. 3d DCA 1992); Dep’t of Health & Rehab. Servs. v. Wood, 600 So.2d 1298 (Fla. 5th DCA 1992); see also Dep’t of Revenue v. Jackson, 846 So.2d 486, 490 (Fla.2003). The most fundamental principles of res judicata and finality forbid such a ruling. See Gordon v. Gordon, 59 So.2d 40 (Fla.1952), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Sibley v. Sibley, 885 So.2d 980 (Fla. 3d DCA 2004), review denied, No. SC05-7, 901 So.2d 120 (Fla. Apr. 5, 2005).
For these reasons, the order reducing past child support is reversed with directions to enter judgment for the full amount claimed. See Prio v. Barouh, 834 So.2d 263 (Fla. 3d DCA 2002) (accrued child-support payments are vested rights of payee and vested obligations of payor); Puglia v. Puglia, 600 So.2d 484 (Fla. 3d DCA 1992) (same); Onley v. Onley, 540 So.2d 880 (Fla. 3d DCA 1989) (same).
Reversed.

. The statute provides that:
When a custodial parent refuses to honor a noncustodial parent’s visitation rights, the noncustodial parent shall not fail to pay any ordered child support or alimony.