CAMPBELL, Judge.
Appellant, Harold Lee Davis, seeks review of the trial court’s order which granted appellee, Deby Ruth Odom, a modification of child support which resulted in a 150% increase in payments from $30 per *675 week to $75 per week. The original requirement for child support payments was contained in a final judgment of paternity entered August 1, 1983, for a child who, at the time, was eleven months of age. On October 11, 1984, appellee petitioned for modification requesting an increase in payments.
The record indicates that appellee had lost $258 per month as a result of becoming employed at $414.09 per month. That, however, results in a net increase to appel-lee of $156.09 per month. While appellee also stated she lost certain other benefits as a result of becoming employed, she has not established that the ensuing difference results in a substantial change of circumstances.
At the same time, appellant’s income earned at the time of the modification hearing indicates he has suffered a decrease in income. While his employment as a painter results in surges of income, the evidence at the time of the modification hearing does not support his ability to pay more than originally ordered. Neither does the evidence carry appellee’s burden of demonstrating a greater need. Under the standard set by this court in Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980), the order increasing child support was in error and we, therefore, reverse.
Appellant does not challenge that part of the modification order mandating medical insurance or a division of medical expenses relating to the child. That portion of the order is therefore affirmed.
Reversed in part and affirmed in part.
DANAHY, A.C.J., and HALL, J., concur.